## MERWIN and another *against* HUNTINGTON.

THIS was an action for money had and received to the plaintiffs' use. There were several counts, in some of which the circumstances under which the money was paid, were particularly stated.

The cause was tried at *New-Haven, January* term, 1817, before *Trumbull, Hosmer* and *Gould,* Js.

On the trial, the plaintiffs proved, that a bill of indictment for a violation of the embargo laws of the *United States,* had been found against them and others, by a grand-jury, before the circuit court of the *United States,* for the *Connecticut* district ; and that the defendant, being the attorney of the *United States* for that district, entered into an agreement with the plaintiffs, in these words : " In the matter of the *United States* against *Miles Merwin,* jun. and *Anson Merwin,* on an indictment for a violation of the embargo. On certain terms, I have agreed to enter a *nol. pros.* in said cause, at the opening of the circuit court, at the next term, to be holden at *New-Haven,* on the 13th day of *April* 1813, so far as respects the said *Miles Merwin,* jun. and *Anson Merwin* only.

*Hezekiah Huntington,* District Attorney."

" Sum paid *U. S.* $450."

The plaintiffs also proved, that at the term of said circuit court, held in *September* 1813, the defendant did accordingly enter a *nol. pros.* on said indictment, so far as respected the plaintiffs. And the plaintiffs introduced evidence for the purpose of proving, and claimed that they had proved, that at the time when the defendant signed the agreement, he refused to enter a *nol. pros.* unless the plaintiffs would pay him the sum of 460 dollars ; that the marshal of the district then

Where a party, pending a criminal prosecution against him, applied to the attorney for the public, and offered him, as an inducement to discontinue the prosecution, a sum of money, being the estimated amount of costs and expenses at that time accrued, which the attorney accordingly accepted, and paid over into the public treasury ; it was held, that the former could not recover of the latter in an action for money had and received ; for assuming that the act of the defendant in receiving the money on such consideration was illegal, it was equal-

ly illegal for the plaintiff to make the application and offer, and the parties being *in pari delicto, potior est conditio defendentis.*

had writs of *capias* against the plaintiffs, issued on said indictment, and was making search for them, to apprehend them thereon ; and that to induce the defendant to enter a *nol. pros.* they paid him the sum of 460 dollars, which he accepted on that consideration alone.

The defendant, on his part, introduced evidence to prove, and claimed that he had proved, that the plaintiffs applied to him, and to induce him to enter a *nol. pros.* on said indictment, offered to pay him a sum of money ; that the defendant refused to enter a *nol. pros.* unless the plaintiffs would pay to him, for the use of the *United States,* such a sum as would indemnify the *United States* for all the costs and expenses (including the fees of the grand jury and petit jury) to which they had been subjected by reason of the indictment, which, as the defendant then claimed, and in fact, amounted to 460 dollars ; that the plaintiffs agreed to pay him, and did pay him, that sum, for the use of the *United States,* in consideration of his agreement to enter a *nol. pros. ;* and that having received the money for such use, he, immediately thereafter, and long before the commencement of this suit, paid it into the treasury of the *United States.* He therefore contended, in the first place, that he might lawfully receive the money, and pay it over to the *United States ;* and having done so, before action brought, no recovery could be had against him : secondly, that if the defendant had not a right to receive the money, the plaintiffs and defendant were in *pari delicto,* and on that ground no recovery could be had.

The court charged the jury as follows : " On the part of the plaintiffs, it is claimed, that it appears from the evidence, that the defendant was satisfied that it was his duty, as attorney for the *United States,* to enter a *nol. pros.* on the prosecution ; but that he refused to enter the same, unless the plaintiffs would pay to him the expenses of the prosecution, which he claimed to be 460 dollars, and that he accordingly exacted and received that sum from the plaintiffs. If you find the facts as thus claimed, the court is of opinion, that by the rules of law, the plaintiffs are entitled to recover of the defendants the principal sum so exacted and received, with interest. On the part of the defendant, it is claimed, that if it appears from the evidence, that the plaintiffs, to induce the defendant to put an end to the prosecution, offered to pay him the money in question ; and that the

*New.Haven,*
June, 1817.

Merwin
*v.*
Huntington.

defendant was not satisfied that it was his duty to stop the prosecution, by reason of any consideration other than the money thus offered by the plaintiffs ; and that being induced only by the payment and receipt thereof, the defendant thought it expedient to drop the prosecution ; in such case, the plaintiffs are not entitled to recover. The court is of opinion, that if you find the facts as last stated, the conduct of the defendant was illegal, but that the plaintiffs were in equal fault, and your verdict must be for the defendant."

The jury found a verdict for the defendant ; and the plaintiffs moved for a new trial, on the ground of a misdirection. The questions arising on this motion were reserved for the consideration and advice of the nine Judges.

*S. P. Staples* and *S. Staples,* in support of the motion, contended, 1. That the defendant had no right to take the money in question as costs or expenses, without a judgment to support them. *Taylor* v. *Lendey,* 9 *East* 49. *Williams* v. *Hadley,* 8 *East* 378. *Clinton* v. *Strong,* 9 *Johns. Rep.* 370.

2. That the defendant's having paid over money which he had illegally received, upon a demand, or under colour of office, did not help his defence. *Snowdon* v. *Davis,* 1 *Taun.* 359. *Ripley & al.* v. *Gelston,* 9 *Johns. Rep.* 201. *Townson* v. *Wilson & al.* 1 *Campb.* 396. In the case last cited, Lord *Ellenborough* lays down the proposition as undoubted law, that " if any person gets money into his hands illegally, he cannot discharge himself by paying it over to another."

3. That the parties were not *in pari delicto,* as they did not stand on equal ground. The law never considers parties as *in pari delicto,* where one is in the power of the other. *Smith* v. *Bromley, Doug.* 697. *n. Irving* v. *Wilson,* 4 *Term Rep.* 486. *Williams* v. *Hedley,* 8 *East* 378. *Carey* v. *Prentice,* 1 *Root* 91. *Clinton* v. *Strong,* 9 *Johns. Rep.* 370.

*N. Smith* and *Denison,* contra, contended, 1. That it was lawful for the defendant to discontinue the prosecution on payment of costs.

2. That as the money was paid to the defendant, to be by him paid over to the *United States,* and as it was, in fact, paid over in pursuance of the object for which it was received, it cannot be recovered of the defendant. Money so received and paid over, by the agent, even if the consideration

*New-Haven,*
June, 1817.

Merwin
*v.*
Huntington.

was illegal, cannot be recovered of the agent. Case cited in *Tompkins* v. *Bernet,* 1 *Salk.* 22. *Howson* v. *Hancock,* 8 *Term Rep.* 575. *Richards* v. *Comstock,* 1 *Conn. Rep.* 152. This is wholly an equitable action; and it can be brought only against the person who has the money, or has had the benefit of it. In this case, the defendant was the mere channel of conveyance into the treasury of the *United States.*

3. That if it was unlawful for the defendant to receive the money, it was equally unlawful for the plaintiffs to offer it; and the parties being *in pari delicto,* no recovery can be had. This was not a case of duress, of extortion, or of exaction *colore officii.* The proposition for a settlement on terms, came from the plaintiffs; and they paid the money voluntarily. *Norman* v. *Cole,* 3 *Esp.* 253. *Pickard* v. *Bonner, Peake's Ca.* 221. *Cowp.* 792. *Bul. N. P.* 131, 2. 8 *Term Rep.* 577.

SWIFT, Ch. J. Whether a public prosecutor has a right to discontinue the prosecution on the payment of costs, is a point that has not been decided. It would seem, that cases might occur where this would be reasonable, and for the public good; and in the present case, there is nothing that shews this transaction was unfair or oppressive, on the part of the defendant; and as the money was regularly paid over to the treasurer of the *United States,* there could be no corrupt view of private and personal advantage. At the same time, it will be agreed, that as such power might be perverted, and become the instrument of corruption and oppression, courts should be very cautious about giving it their sanction. But in this case, I think, we are not called upon to decide this point; for admitting it to be illegal for the defendant to receive a sum of money by way of costs, on the consideration of discontinuing a legal prosecution pending before a court of justice, then it was equally illegal for the plaintiffs to apply to the defendant, and offer him a sum of money to do such act; for this was offering and giving him a bribe to do an unlawful act. In this view of the case, the parties are equally criminal; and there is no rule better settled than this, that where the parties are *in pari delicto potior est conditio defendentis.*

I would not advise a new trial.

*New-Haven,*
June, 1817.

Merwin
*v.*
Huntington.

HOSMER, J. The opinion expressed at the circuit in this case, that if the state's attorney was convinced his duty required him to enter a *nolle prosequi,* but suspended doing it until he was brought to it by the money paid, the plaintiffs had right to recover, it is unnecessary to discuss. Whether it were correct or not, on which I express no opinion, it was favourable to the movers for a new trial.

The court directed the jury, that the money offered was the inducement for stopping the prosecution ; that both parties were *in delicto ;* and their verdict must be for the defendant.

The verdict necessarily implies, that the above fact was established. This presents to the court two enquiries ; was there a fault or *delictum,* on the part of the defendant ; and if so, were the plaintiffs equally culpable ?

The first question depends on the powers belonging to the district attorney. They are included in this expression ; " to prosecute for the *United States." Stat. U. S.* vol. 1. 74. To enter a *nolle prosequi,* is an authority unquestionably appertaining to the attorney. But, neither duty, nor the public interest requires, that he should be induced by money, to commence or abandon prosecutions. It matters not, that the sum received, after the payment of necessary expenses, was intended for the national treasury. The pecuniary interests of the *United States* are not committed to the district attorney. His path is distinctly marked by the general nature of the business confided to him, and the established usage of persons in that office. To prosecute, where there are just grounds for prosecution, and to enter a *nol. pros.* where the person indicted, on free and full enquiry, appears to be innocent, or proof cannot be obtained, to manifest his guilt, is his undoubted duty. In the performance of it, he has no right to judge, whether it is best that guilt should be pardoned, or punishment mitigated.

The abuses, which might be practised under the cover of the supposed right of omitting to prosecute, on the reception of money for the national treasury, might be enormous, and strike at the foundation of criminal justice. They are too obvious to require enumeration. In the principal case, the attorney thought proper to abandon a prosecution, on the payment of costs, to which no person had any claim. The plaintiffs had never been arrested, and for aught that has

appeared, were perfectly innocent of the allegations made against them. But, costs are the consequence of some default of the party against whom they are awarded. *Clinton v. Strong, 9 Johns. Rep.* 376. On the other hand, the plaintiffs may have been guilty. On this point, if there is no trial, the *United States* have a right to demand the judgment of the attorney, unbiassed by improper communications, or the reception of money, on any pretext whatever. I am clearly of opinion, that the proceeding of the attorney was unwarranted, and a *delictum.*

Were not the plaintiffs *in pari delicto ?* This was a fact submitted to the jury, and they have found in the affirmative. Independently of this, there can exist no doubt on the subject. If it was wrong for the district attorney to receive the money, it was equally so for the plaintiffs to pay it. There may be a difference in the degree, but there is none in the nature of the offence.

I am of opinion, that no new trial should be granted.

GOULD, J. Upon the general question, whether the defendant had a legal right to demand and receive the costs, paid by the plaintiffs, it is not necessary to decide. Assuming, that he had no such right, the question is, upon what principle are the plaintiffs, who have voluntarily paid them, entitled to recover them back ? I say *voluntarily,* because I do not understand, that actual extortion, in a sense which implies coercion, is pretended. At any rate, the facts stated show, that the payment was not, in any proper sense, compulsory. The previous proceedings were confessedly legal ; and no oppressive use appears to have been made of them. The plaintiffs had not even been arrested ; and neither their persons, nor property, could be said to be in the power of the defendant : but they deliberately chose rather to pay the costs, than abide the result of a trial. Thus far, then, the maxim applies, *volenti non fit injuria.* Besides : the question, whether any fraud, or intentional wrong, was practised upon the plaintiffs, has been substantially submitted to the jury, and found against them.

Was the payment, then, made under any mistake, against which a court of justice can relieve ? This, as I understand the case, is not distinctly claimed ; but if the claim were made, and established ; the fact, that the money was received

expressly for the use of the *United States,* and has been paid over, would be a satisfactory answer to it. But it is said, there was no consideration for the payment ; or, if there was, it was an illegal one. In reply to the first of these propositions, it is sufficient to repeat, that the payment was voluntary, and that the money has been paid over. In point of fact, however, there certainly was a consideration, and one, which, according to the strictest rule, was clearly sufficient, unless, as is alleged, it was illegal—*viz.* the withdrawing of the prosecution, pending against the plaintiffs. And I do not perceive, how that transaction could have been illegal, except upon the supposition, that the payment of the costs, which was the inducement to it, was in nature of a bribe, given for the purpose of effecting a fraud upon public justice. If this is not claimed to have been the fact, (for it is difficult to learn what are the precise grounds of claim ;) the case requires, I think, no further answer. If it is so claimed, the plaintiffs must admit themselves to be involved in the guilt of the transaction : and if so, the objection is decisive, *in pari delicto, potior est conditio defendentis.* I can, therefore, discover no ground, upon which the motion can be supported.

The other Judges were of the same opinion.

New trial not to be granted.