Gallimore *v.* Ammerman *et al.*

---

## GALLIMORE *v.* AMMERMAN ET AL.

PLEADING.—*False Imprisonment.*—A complaint for arrest and false imprisonment need not aver that the acts complained of were done illegally, or wrongfully, or without competent authority.

SAME.—*Answer.*—An answer which attempts to justify the arrest and imprisonment must identify the trespass justified with that complained of, or it will be bad on demurrer.

APPEAL from the Warren Common Pleas.

WORDEN, J.—Complaint by the appellant against the appellees, as follows:

"The plaintiff complains of the defendant, and says that, on or about the —— day of March, 1871, the above named defendants, at the town of West Lebanon, assaulted the plaintiff, and with force compelled him to go from the street in said town, where he then was in the pursuit of his interest and pleasure, to a small shanty, so built with coarse boards as to be as cold and comfortless as out door in the open air; and the defendants then and there imprisoned him, said plaintiff, and kept and detained him as a prisoner therein for the space of seventeen hours, contrary to the law of this State and against the will of the said plaintiff, by means of which he suffered great agony of body on account of cold and hunger, by means of which his health was greatly impaired, so that he was compelled to lose his time, not only during said false imprisonment, but ever since, on account of said exposure and imprisonment, and he was greatly injured in his name and credit. And he further avers that, during such false imprisonment, said defendants refused to allow him any food and nourishment whatever, and that the weather was very cold. And the plaintiff says that he is damaged, by means of the foregoing facts, in the sum of five thousand dollars; wherefore," etc.

"2. And for a further complaint, plaintiff says that the defendants, jointly acting, the said Miller as a justice of the peace within the town of West Lebanon, and the said Ammerman, acting as the marshal of said town, claiming to act by virtue of authority conferred on them by the corporate authorities of said town, arrested the plaintiff therein on the —— day of March, 1871, and compelled him to go from the streets of said town, where he was in the pursuit of his pleasure and interest, to a small shanty built of coarse boards, so that it was as cold and comfortless as out in the open air, and then and there imprisoned the said plaintiff, without food or fire, for the space of seventeen hours, with-

out giving him a trial of the pretended charge for which they claim to have arrested him; and he avers that his trial was thus delayed, and he was thus detained, for no cause whatever, except the malice of the defendants. The charge upon which he was arrested was a violation of some pretended ordinance of said town, and no reasonable cause existed why he should not have been tried at once, without detaining him seventeen hours before trial. And he avers that, at the time of such arrest, to wit, about five o'clock, P. M., he had had nothing to eat since morning, at breakfast time; and they kept him thus confined, without anything to eat or nourishment, for the space of seventeen hours thereafter, and wilfully refused to furnish him with any food or fire, or anything to keep him warm; and he says the weather was very cold at the time. He avers, by means of such exposure and harsh treatment, his health was so impaired that he has been sick ever since, and suffered great pain of body and mind; by means of which he is damaged in the sum of five thousand dollars, for which he demands judgment," etc.

A demurrer was filed to the complaint, which was sustained to the first paragraph, the plaintiff excepting, and overruled as to the second.

The defendants answered the second paragraph, first, by general denial, and second, "that defendant John Ammerman was marshal of the town of West Lebanon, in Warren county, Indiana, on the 17th day of March, 1871; that on said last mentioned date, defendant John Miller was an acting justice of the peace, duly commissioned and qualified, in and for said town of West Lebanon; that on said 17th day of March, said West Lebanon was an incorporated town under the law of the State of Indiana in that behalf; that on said 17th day of March, an ordinance of said town of West Lebanon was in force, a copy of which is herewith filed, marked 'A,' and made a part of this paragraph of answer; that on said 17th day of March, plaintiff came to said town of West Lebanon and became highly intoxicated, and went

about the public streets and public places in said town while in that state, and then and there disturbed the peace and quiet of said town by making loud and unusual noise, and by using profane and indecent language therein, in violation of said ordinance; that thereupon, on said 17th day of March, defendant Ammerman, by virtue of his authority as marshal of said town, and seeing said plaintiff drunk as aforesaid, and disturbing the peace as aforesaid, arrested said plaintiff, and he, said plaintiff, being too drunk to be tried or plead to any charge of violation of said ordinance, placed him in the town prison, the same being a light, comfortable, plank house, and placed hay, blankets, and quilts in said prison for plaintiff to sleep on; that on the next morning, to wit, on the 18th of March, plaintiff was taken by said marshal before defendant John Miller, and having been arraigned before said Miller on a charge of drunkenness, disturbing the peace, and using profane language, in violation of the provision of said ordinance, for plea said he was guilty as charged; whereupon the defendant Miller fined the plaintiff five dollars and costs for his violation of said ordinance, which fine and costs plaintiff paid."

Accompanying the paragraph is the ordinance pleaded.

The plaintiff demurred to this paragraph of the answer, for want of sufficient facts; but the demurrer was overruled, and he excepted; and declining to reply, judgment was rendered against him.

The questions presented here involve the correctness of the rulings in sustaining the demurrer to the first paragraph of the complaint and overruling that to the second paragraph of the answer.

We are not favored with any brief on behalf of the appellees, and, therefore, are not advised what objection is supposed to exist to the first paragraph of the complaint, or upon what ground the demurrer thereto was sustained.

That paragraph charges that the defendants assaulted the plaintiff, and by force compelled him to go from the place where he was, to a shanty, where they imprisoned him, and

Gallimore *v.* Ammerman *et al.*

detained him as a prisoner therein for the space of seventeen hours, against his will.   No objection occurs to us, unless it be that the paragraph does not aver that the acts of the defendants were done illegally, or wrongfully, or without any competent authority.   But in our opinion no such allegation was necessary.   As a general rule, a party is not required to allege more than he is bound to prove, in order to entitle himself to recover.   The facts ·alleged, on being proved, would entitle the plaintiff, *prima facie*, to recover; and absolutely, unless it should be shown that the acts were rendered rightful and legal by some competent excuse or authority.   Such excuse or authority must come from the defendant.   "Whoever assaults or imprisons another must justify himself by showing specially to the court that the act was lawful."   1 Chit. Pl. 501.

The paragraph is evidently drawn from a precedent for a declaration for false imprisonment, found in 2 Chit. Pl. 857, which contains no allegation that the acts were either wrongful, illegal, or without authority.

We are of opinion that the paragraph was good, and that the demurrer thereto was erroneously sustained.   *Colter* v. *Lower*, 35 Ind. 285.

We come to the second paragraph of the answer, pleaded to the second paragraph of the complaint.   It is objected by the appellant, that no valid ordinance is set out, but no objection to the validity of the one pleaded is pointed out, and we see none. · It is further objected, that the pleading in no manner identifies the trespass justified with that complained of.   The precedents for pleas justifying arrests under authority contain the averment that the trespasses justified "are the supposed trespasses in the said declaration mentioned, and whereof the said plaintiff hath above thereof complained against the said defendant."   3 Chit. Pl. 1081. This, or some equivalent allegation, seems to be essential.

In the paragraph under consideration, there is nothing to show that the arrest and imprisonment of the plaintiff which are justified, or attempted to be justified, are the same arrest

and imprisonment of which the plaintiff complained. This objection is fatal to the validity of the paragraph. Some other objections are made to the paragraph, which need not be noticed, as one fatal defect renders the paragraph as bad as if there were many.

The demurrer to the paragraph in question should have been sustained.

The judgment is reversed, with costs, and the cause remanded, with instructions to proceed in accordance with this opinion.

*J. McCabe*, for appellant.

*M. Milford* and *L. T. Miller*, for appellees.