## JAMES SHANLEY

*v.*

## WILLIAM WELLS.

1. VAGRANCY—*within meaning of ordinance.* To authorize a police officer in arresting a person, without a warrant, for the violation of an ordinance declaring all persons vagrants who, not having visible means to maintain themselves, are found without employment, loitering or rambling about, or staying in groceries, drinking saloons, etc., there must be shown a want of visible means of support, as well as the other facts.

2. ASSAULT AND FALSE IMPRISONMENT—*probable cause and want of malice no bar to action.* If a party is assaulted, beaten and imprisoned by a police officer, in arresting him without authority of law, he will be entitled to recover in an action of trespass, no matter what may have been the officer's motives. In such a case, probable cause that the plaintiff was guilty of a misdemeanor or violation of an ordinance, and absence of malice on the part of the officer, will afford no justification.

3. ARREST—*power of constable or police officer to arrest* A constable may, without warrant, arrest any one for a breach of the peace committed in his view, and carry him before a justice of the peace; and in case of a felony actually committed, or a dangerous wounding whereby felony is likely to ensue, he may, upon probable suspicion, arrest the

felon, and, for that purpose, is authorized, as upon warrant, to break open doors, and even to kill the felon if he can not otherwise be taken. The powers of policemen are not greater than those of a constable in this respect.

4. In all cases not felonies, or likely to result in one, where the offense is not committed in the officer's view, or the act done or threat made is not fresh, a constable or policeman has no authority to make an arrest without a warrant.

5. SAME—*burden of proof to justify is on the officer.* Where a policeman arrests a party as a vagrant, under a city ordinance, without a warrant, it is incumbent on him, when sued in trespass therefor, to show that the offense was in fact committed in his presence. The burden will be on him to establish that fact by satisfactory evidence, to exonerate himself from liability.

6. ASSAULT AND FALSE IMPRISONMENT—*evidence of information received.* In an action against a policeman for an assault and battery, and imprisonment, in arresting the plaintiff without a warrant, for an alleged violation of an ordinance, which the officer was unable to show, he sought to prove that he had received information which led him to make the arrest in good faith, which the court refused to admit: *Held,* that the evidence was properly rejected.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

This was an action of trespass, by William Wells. against James Shanley, to recover damages for an assault. beating and false imprisonment. The opinion of the court shows the material and leading facts. The plaintiff recovered $100 in the court below, and the defendant appealed.

Mr. I. N. STILES, for the appellant.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an action of trespass, for assault and battery, and false imprisonment. The defense urged is, that the plaintiff was a vagrant, and that the several trespasses alleged consist only of the acts done by the defendant as a policeman of the city of Chicago, in arresting and imprisoning the plaintiff as

a vagrant, while in the necessary discharge of his duty as such policeman.

We do not deem it necessary to discuss the evidence, as, in our opinion, it was sufficient to authorize the verdict rendered by the jury.

The court, at the instance of the plaintiff, gave this instruction to the jury :

"The jury are instructed, if any person shall visit a house of ill-fame, drinking saloon, railroad depot, or other place of bad repute, or shall idly loiter about the streets, that is not sufficient, of itself, to charge such person with being a vagrant. There must be a want of visible means of support."

The ordinance of the city of Chicago, for the violation of which it is claimed that the plaintiff was arrested, is as follows :

"All persons who, not having visible means to maintain themselves, are without employment, idly loitering or rambling about, or staying in groceries, drinking saloons, houses of ill-fame or houses of bad repute, etc., shall be deemed vagrants," etc.

It is insisted that the instruction given is erroneous, because the words, "visible means of support," as used in the instruction, are not synonymous with the words, "not having visible means to maintain themselves," which occur in the ordinance; that a person may have visible means of support, and yet have no visible means to maintain himself, and that the instruction must, therefore, have prejudiced the defendant.

The objection is not tenable. There is no substantial difference in the meaning of the words, taken in the connection in which they are here used, and we do not conceive that the jury could have been misled by the instruction.

It is also urged, with some apparent earnestness, that a new trial should be awarded, because the evidence does not

show that the defendant acted from malice, and without any reasonable or probable cause.

This is sufficiently answered by reference to the form of the action. The suit is not for malicious prosecution, but for assault and battery, and false imprisonment. If the plaintiff was assaulted and beaten, or imprisoned, by the defendant, without authority of law, it can not be doubted that he is entitled to recover, whatever may have been the defendant's motives.

During the progress of the trial, the defendant offered to prove what he had been told by other police officers concerning the habits and conduct of the plaintiff prior to his arrest. On objection. the court refused to admit this evidence.

The defendant, also, in different forms of phraseology, repeated in various instructions, requested the court to instruct the jury, in substance, that, if he acted without malice and in good faith, and if, from what he knew himself and had been informed by others, he had probable cause for believing that the plaintiff was, at the time of the arrest, a vagrant, he was justified in what he did. These instructions were all refused by the court. The ruling of the court in excluding the evidence offered, and refusing to give these instructions, presents the only remaining question to be noticed.

The arrest was made by the defendant without any warrant having been issued to him authorizing the arrest, and the evidence shows that the plaintiff, at the time, was possessed of several hundred dollars in money, and that he was engaged in the business of making tents, flags, etc. Notwithstanding it is shown he kept much low, vicious and depraved company, the charge of vagrancy was not established, as is conceded by the counsel for the defendant.

It is not claimed that defendant had, as a policeman, any greater power, in respect to making arrests, than is possessed by constables, under the law in force in this State.

6—71st ILL.

By statute, constables are empowered, "where any felony or breach of the peace shall be committed in their presence, forthwith to apprehend the person committing the same, and bring him before some justice of the peace, to be dealt with according to law; to suppress all riots and unlawful assemblages, and to keep the peace, and also to serve and execute all warrants, writs, precepts and other process to him lawfully directed, and, generally, to do and perform all things appertaining to the office of constable, within this State." 1 Gross' Stats. 406, sec. 112.

Blackstone says: "The constable hath great original and inherent authority with regard to arrests. He may, without warrant, arrest any one for a breach of the peace committed in his view, and carry him before a justice of the peace; and in case of felony actually committed, or a dangerous wounding whereby felony is likely to ensue, he may, upon probable suspicion, arrest the felon, and, for that purpose, is authorized (as upon a justice's warrant) to break open doors, and even to kill the felon, if he can not otherwise be taken." 4 Coms. 292.

In *Main* v. *McCarty*, 15 Ill. 441, it was held that the power to arrest, without warrant, for breaches of the peace or threats to break it, exists in cases where the act was not done or threat uttered in the presence of the officer, when the charge is freshly made, and the officer was required to make the arrest.

In all other cases, however, the authorities are uniform, a constable or policeman has no authority to make an arrest without a warrant. 1 Russell on Crimes, 600; 2 Hawkins' Pleas of the Crown, 81; *Com.* v. *Carey*, 12 Cushing, 246; same v. *McLaughlin*, id. 615; *Pow* v. *Beckner et al.* 3 Ind. 475; *Cook* v. *Nethercote*, 6 Carr. and Payne, 741; *Coupey* v. *Henley*, 2 Esp. 540; *Fox* v. *Gaunt*, 3 B. and A. 798.

It may well be questioned whether, from the peculiar elements which are essential to constitute the offense of vagrancy, it belongs to the class of offenses for which an arrest may be

made without a warrant; but even conceding that it does, it was certainly incumbent on the defendant to show that the offense was in fact committed in his presence. The burden was on him to establish that fact by satisfactory evidence. What may have been his motives in making the arrest, or what the information he received from others, would, obviously, therefore, be unimportant, as neither could tend to prove the commission of the offense of vagrancy in the presence of the defendant.

The defense of justification not being proved, the defendant's act stands as a wanton violation of the plaintiff's rights —an inexcusable trespass, for which the plaintiff is entitled to damages.

The cases refered to by the counsel for the defendant are not in point. There, the offenses for which the plaintiffs were arrested were felonies, and, as has been seen, the officer was justified in making the arrest on probable grounds of guilt. Here, the offense charged was a misdemeanor, not committed in the presence of the defendant, or, indeed, at all, and there was no authority in law to make the arrest without a warrant.

There was no error in rejecting the evidence offered by the defendant, nor in refusing his instructions as asked.

The judgment is affirmed.

*Judgment affirmed.*