Dickman, J.
It is manifest from the record that the plaintiff in error and his companion were arrested without the previous issue of a warrant. The arrest was to answer an imputed violation of a state law falling within the class of offences known as misdemeanors, for which, at that time, no charge had been preferred against either of them.
The 21st section of the criminal code (66 Ohio R. 291)' provided: “Every sheriff, deputy sheriff, constable, marshal or deputy marshal, watchman or police officer, shall arrest and detain any persons found violating any law of this state,, or any legal ordinance of any city or incorporated village, until a legal warrant can be obtained.”
And section 142 of the municipal code (66 Ohio R. 173) provided that the city marshal “shall arrest any person in the act of committing any offense against the laws of the state or the ordinances of thfe corporation, and forthwith bring such person before the mayor, or other competent authority for examination or trial.”
By these two sections statutory power is conferred upon the officers named to arrest without warrant, and to detain for a limited time, to the end that there may not be a failure of justice through the escape of criminals. But the officer, if not armed with a warrant, has no authority to arrest unless the persons are “found violating,” or, are “in the act of committing an offense against” a law of the state or an ordinance of a city or incorporated village.
The record does not disclose that the plaintiff and his companion were “found violating,” or, “in the act of committing an offense against” any law or ordinance, or that the officer in making the arrest acted upon knowledge, or reliable information which proved to be true. Ballard v. *266 State, 43 Ohio St. 340. Where no affidavit charging the commission of an offense is filed with the magistrate, and no warrant or process is issued for the apprehension of the person charged, it will not be presumed, that an officer making an arrest acted under circumstances precluding the necessity of an affidavit and warrant. And in an action by the party arrested, in which the legality of such arrest is deemed a material issue in the case, it will not be incumbent upon him to establish that the officer was not, under the circumstances, authorized to arrest without warrant, but it will rather devolve upon those defending the officer to show, that such a state of facts existed as justified the officer in making the arrest without the previous issue of a warrant and that he did not detain the arrested party an unreasonable length of time before obtaining a legal warrant.
In Shanley v. Wells, 71 Ill. 78, which was an action of trespass, for false imprisonment, it was held that, where a policeman arrests a party as a vagrant, under a city ordinance, without a warrant, it is incumbent on him, when sued in trespass therefor, to show that the offence was in fact committed in his presence; that the burden will be on him to establish that fact by satisfactory evidence, to exonerate himself from liability.
In Gallimore v. Ammerman et al., 39 Ind. 323, the complaint charged that the defendants, one a justice of the peace and the other a marshal of the town, jointly acting, assaulted the plaintiff, and by force compelled him to go from the place where he was, to a shanty, where they imprisoned him, and detained him as a prisoner therein for .the space, of seventeen hours against his will. The complaint did not contain an allegation that the acts of the defendants were done .illegally, or wrongfully, or without any competent authority. “In our opinion,” said the court, “no such allegation was necessary. The facts alleged, on being proved, would entitle the plaintiff, prima facie, to recover; and absolutely, unless it should be shown that the acts were' rendered rightful and legal by some competent excuse or authority. Such excuse or authority must come from the defendant. Whoever assaults or imprisons another must *267 justify bimself by showing specially to the court that the act was lawful. 1 Chit. PI. 501.”.
Applying the rule as recognized in the above cited cases, it cannot be presumed, in view of the allegations in the defendant’s answer and in the reply to which the defendant demurred, that the plaintiff and his companion were legally arrested by the police authorities.
While under, arrest, the police authorities demanded of the plaintiff a deposit of the sum of two hundred dollars in place of bail for the appearance of himself and his companion before the mayor on the following morning; and ordered that in default of the plaintiff making such deposit of money, both of the parties under arrest should be imprisoned. To prevent such imprisonment, the plaintiff paid the sum of money demanded. It was the duty of the police authorities to detain the arrested parties until a legal warrant could be obtained; or until they entered into a recognizance according to law for their appearance before the proper magistrate. But, they had no authority to accept money in lieu of bail, nor would the mayor have been so authorized, as the statutes of Ohio contain no provision for taking money as a substitute. Bail may be defined as a delivery of a person to his sureties, upon their giving, together with himself, sufficient security for his appearance; he being supposed to continue in their friendly custody, instead of going to jail. To say nothing of its liability to abuse, the deposit of money with the officer, as security lor the appearance of the accused, would not be so likely to secure the end proposed as that provided by the statute.
In Butler v. Foster, 14 Ala. 323, it was held that, a judicial officer, authorized to receive bail for the appearance of persons charged with criminal offenses, cannot receive from the accused, a sum of money in lieu of, or as substitute for bail, no such power being conferred by statute; and if so paid in, neither the state, nor the county, has any claim to it. See also Columbus v. Dunnick, 41 Ohio St, 602. State v. Lazarre, 12 La. Ann. 166; United States v. Faw, 1 Cranch C. C. 486.
*268 The money demanded from the plaintiff in lieu of bail was an illegal exaction, and though declared forfeited to the city upon his failure to appear before the mayor on the morning after his arrest, and deposited in the city treasury, was nevertheless the property of the plaintiff, and was money had and received by the city for his use, if involuntarily paid by him to prevent his imprisonment. While the money was in the hands of the city — before the city had, by its promisory note, paid the money to the county, as having been received as bail in a prosecution under the laws of the state — the plaintiff demanded the same of the city, and requested its payment over to him, and upon payment being refused, gave the city notice that he would bring an action against it for the recovery of the money detained. The city, therefore, in obligating itself to the county, did so with full knowledge of the plaintiff’s claim.
-But it is contended that a deposit of money by the plaintiff as a substitute for bail, was, upon the release of himself and hi's companion, the execution of an illegal contract voluntarily entered into by the plaintiff, and that in such case a court of justice will leave the parties as.it finds them. The facts, as made evident in the pleadings, are sufficient to negative the idea of a voluntary deposit by the plaintiff. It is averred and not denied, that without the issue of a warrant — no affidavit charging the commission of an offence having been filed with a magistrate — the plaintiff and his companion were arrested, taken to the city prison, and there the police authorities demanded a deposit of two hundred dollars asbail for their appearance in court, and ordered that in default of the payment of that sum, both be imprisoned until the following morning.
These salient facts attending the arrest, and the questionable legality of the arrest, are plainly inconsistent with free will or voluntary action, on the part of the plaintiff in making the money deposit in lieu of bail. Although the mor.ey was paid upon an illegal demand, with full cognizance of the unlawful character of the transaction, it was paid to avoid imprisonment upon an arrest of doubtful legality. The conclusion clearly deducible from many cases on the *269 subject is, that a payment of money upon an illegal demand, when the party is advised of all the facts, will be considered involuntary when it is made to procure the release of the person or property of the party from detention; or, when the other party is armed with apparent authority to seize upon either, and the payment is made to prevent it. Wolfe v. Marshal, 52 Mo. 167, and -cases cited. The principle is well and briefly stated in 2 Greenl. Ev. § 121: “Under the count for money had and received, the plaintiff may also recover back money proved to have been obtained from him by duress, extortion, imposition, or taking any undue advantage of his situation, or otherwise involuntarily and wrongfully paid; as by demand of illegal fees or claims, tolls, duties, taxes, usury and the like, where goods or the person were detained until the money has been paid.”
In Norton v. Danvers, 7 Term 375, a defendant, on being informed that a bailable writ - had been issued against him, voluntarily gave a bail- bond, and it was held, that he could not afterwards object to the insufficiency of the affidavit to hold to bail. But Tord KENYON said: “The affidavit to hold to bail is only process to bring the party in, and if he choose to waive any objection to that, he may. do it; and in this case I think he has waived taking advantage of this objection. If indeed the defendant has been actually under arrest at the time, his consent to give a bail bond would not have been binding on him, because it might be considered as given under duress; but here he voluntarily gave this bail bond; and on that - ground only my opinion is founded.”
It is averred by the defendant that the plaintiff deposited with the police authorities the sum of one hundred dollars for himself and a like sum for his companion, as bail for their appearance respectively before the mayor of the city. It being conceded that the entire sum of two hundred dollars was the property of the plaintiff and by him advanced, the money, if wrongfully withheld by the city, must be treated as had and received by the city for his use only. The plaintiff alleges in his original petition that the *270 city converted the money to its own use, but such conversion would not militate with the fact that the money had been received for the use of the plaintiff, and afterwards misapplied. As money had and received, one may recover back money paid under'an illegal contract, when he is not in pari delicto with the defendant. 1 Steph. N. P. 335-341; 1 Selw. N. P. 84-94; Worcester v. Eaton, 11 Mass. 376: Boardman v. Roe, 13 Mass 105; Wheaton v. Hibbard, 20 Johns. 290; Merwin v. Huntington, 2 Conn. 209. So, where the person' is arrested for improper purposes without just cause; or, for a just cause, but without lawful authority; or, for just cause and by lawful authority, but for an improper purpose; and pays money to obtain his discharge, it may be recovered as so much money had and received for the plaintiff’s use. Bull, N. P. 172, 173; 5 Com. Dig. Pleader, 2 W. 19; Richardson v. Duncan, 3. N. H. 508; Watkins v. Baird, 6 Mass. 506.
Our conclusion is, that the court of common pleas erred in sustaining the demurrer to the reply of the plaintiff, and that the judgments of the courts below should be reversed, and the cause remanded for further proceedings,

Judgment accordingly.