RUFUS RICHARDSON, *as Trustee, etc.*, v. THE CITY OF JUNCTION CITY.

**No. 13,733.**    (77 Pac. 691.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS—*No Power to Authorize Policemen to Accept Money as Security for Appearance.* A city council of a city of the second class has no power by ordinance or otherwise to authorize policemen, upon making an arrest for the violation of a city ordinance, to accept a deposit of money as security for the appearance in the police court of the party arrested.

Error from Geary district court; O. L. MOORE, judge. Opinion filed July 7, 1904. Reversed.

*Garver & Larimer,* and *W.· I. Jamison,* for plaintiff in error.

*James V. Humphrey,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. :  This is a proceeding in error to reverse a judgment in favor of the city in an action brought by Rufus Richardson, as trustee of the estate of Salina Williams.   The petition alleges that prior to the beginning of this action two of the city's policemen threatened to arrest Salina Williams, Agnes Gerry, Blanche Wheeler, Viola Thomas and one other, and threatened to, and were about to, incarcerate plaintiff and the others in the city jail; that the policemen informed plaintiff that if she would pay to H. W. Pratt, the police judge of said city, $107.50 she and the others would not be arrested ; that to avoid being arrested and incarcerated in the city prison she gave her check for $107.50 to said policemen, payable to H. W. Pratt, police judge ; that the check was delivered to Pratt as police judge and by him collected.   It appears that Salina Williams was the keeper of a bawdy-house and the other persons named were inmates ; that the two policemen raided the house in the night-time and arrested and threatened to take these persons to the city prison until morning ; that the check was given as security for their appearance before the police court on the next morning ; that they failed to appear and the check was cashed.   The city justified under an ordinance which fully authorized the policemen to accept money to secure the appearance of persons arrested after business hours.

We think, however, that that part of the ordinance which authorizes the policemen to let persons to bail and accept a money deposit in lieu of bond is void, because the city has no power to confer such authority upon a marshal or policeman.   Section 1034 of the General Statutes of 1901 prescribes the procedure

which must be followed in all cases of arrest for the violation of a city ordinance. It reads:

"When any person shall be arrested and brought before the police judge, it shall be his duty to hear and determine the complaint alleged against the defendant forthwith, unless for good cause the trial be postponed to a time certain; in which case he shall require the defendant to enter into a recognizance with sufficient surety, conditioned that he will appear before the said judge at the time and place appointed, then and there to answer the complaint alleged against him, and if he fail or refuse to enter into such recognizance, the defendant shall be committed to prison and held to answer said complaint as aforesaid."

It was held in *Applegate v. Young*, 62 Kan. 100, 61 Pac. 402, that a justice of the peace could not accept a deposit of money in lieu of bail or as a substitute for a recognizance. A city council cannot by ordinance confer authority on the police judge to accept a deposit of money in lieu of a recognizance or bail. No such authority is granted it. Such an ordinance would be inconsistent with the statute above quoted. "The council shall have power . . . to enact and make all such ordinances, by-laws, rules and regulations not inconsistent with the laws of the state as may be expedient." (Gen. Stat. 1901, § 1008.)

That part of the ordinance under which the policemen were acting is void for the reasons stated. Therefore, the judgment of the court below is reversed and the cause remanded.

All the Justices concurring.