## Gordon A. Ramsey, Administrator of the Estate of Armour L. Harris, Deceased, Plaintiff in Error, v. Edward Mansell et al., Defendants in Error.

### Gen. No. 28,693.

1. LIMITATIONS OF ACTIONS—*when declaration sufficiently alleges timely commencement of tort action.* In an action for damages for the death of plaintiff's intestate where the action was begun on May 13, 1920, and the declaration alleged that the death of deceased occurred on May 15, 1919, sufficient appears from the record to show that the action was begun within a year after the death.

2. DEATH BY WRONGFUL ACT—*legality of arrest of prisoner killed while escaping immaterial in action for wrongful death.* In an action against police officers for the death of a prisoner who was shot while attempting to escape from the custody of an officer who was called to take him to the police station after his arrest, the arresting officers not being parties defendant, the question of the legality of the arrest of deceased is not material.

3. DEATH BY WRONGFUL ACT—*liability of police officers for killing escaping prisoner.* When deceased assaulted a police officer who had been called to take him to the police station after his arrest and attempted to escape it was the right and duty of such officer and other officers who came to his assistance to prevent such escape by using such force as might reasonably be called for to effect that purpose, including the firing of shots if deceased persisted in his attempt, and the officers could not overtake him, and if deceased was struck and killed by one of the bullets the officers are not liable in damages for his death.

Error by plaintiff to the Circuit Court of Cook County; the Hon. LEE W. CARRIER, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Judgment affirmed. Opinion filed June 25, 1924.

ELMER J. TONE, for plaintiff in error.

FRANCIS X. BUSCH, Corporation Counsel, for defendants in error; ALBERT H. VEEDER, Assistant Corporation Counsel, of counsel.

Mr. Justice Thomson delivered the opinion of the court.

The plaintiff administrator brought this action on the case against the defendants to recover damages occasioned by the death of his intestate, Armour L. Harris, such death being alleged to have been brought about by the wrongful acts of the defendants. The defendants were all police officers. The deceased had been placed under arrest, and the arresting officer had turned him over to the custody of one of the defendants, in charge of a patrol wagon of the Police Department of the City of Chicago, to be removed to the police station. As the officer was taking the deceased into the station, the latter suddenly broke away, knocked the officer down and proceeded to run away. The officer started in pursuit and was joined by the other officer defendants. In their efforts to recapture the deceased, some shots were fired and one of the bullets struck the deceased, and the wound thus inflicted brought about his death. At the close of the evidence, the court granted the defendants' motion for a peremptory instruction directing the jury to find the issues in their favor. A verdict to that effect having been returned, pursuant to the instruction, judgment for costs was entered against the plaintiff on the verdict, to reverse which the plaintiff has perfected this appeal.

The defendant Mansell, called by the plaintiff, testified that on the night in question he was a wagon man in the Chicago Police Department, and he was directed to go to 43rd Street and Indiana Avenue, in the City of Chicago; that upon arriving there he found two police officers with the deceased in their custody, and they turned him over to the witness to be taken to the Police Station; that the deceased was suspected of being a pickpocket, but no warrant had been issued for his arrest; that the witness took him to the station and when he was taking him up the steps the deceased struck the witness and knocked him down the steps,

and as he fell he called to the officer on the wagon that he had been hit; that the deceased also made a lunge for the driver and the latter fell; that the witness jumped over the driver and chased the deceased down the street, who, by that time was some 200 feet away, and running. This witness further testified that some other police officers were getting off a street car at the next corner, and the witness fired some shots from his revolver, into the air, to attract their attention; that the deceased ran around the corner and down the cross street; that before the chase ended there were some twenty involved in it, in which number were included all the defendants, and that 25 or 30 shots were fired. He further testified that a call came into the station from a patrol box, requesting that the wagon be sent to 43rd Street and Indiana Avenue, and the operator in the station directed the witness to proceed to that point and get a prisoner who was there in custody. He was a man about 6 feet tall and weighing 165 or 170 pounds. On cross-examination this witness testified that within a month previous to the time of this arrest, there had been 25 or 30 complaints, from that vicinity involving the stealing of pocketbooks and that these complaints were to the effect that "there was a tall, slim colored man snatching pocket-books."

The defendant, Bergen, was also called as a witness by the plaintiff and testified that he and the defendant McHale had just left the police station and were a short distance away, on the way to their homes, when there were some shots fired whereupon they turned back toward the station, and saw the deceased running about 200 or 300 feet away, with a number of police officers chasing him and shouting at him, and that the witness thereupon joined the chase.

The defendant, Deliege, called as a witness by the plaintiff, testified that he was a sergeant of police and was in the garage of the station when he heard a policeman cry out, and this caused the witness to run out of the garage, where he joined the defendants,

Grace and Mansell and the others, who were trying to recapture the deceased.

In support of the judgment appealed from, it is contended in behalf of the defendants that the declaration filed by the plaintiff is fatally defective in that it fails to allege facts showing that the action had been begun within a period of one year after the death of the deceased, citing *Hartray v. Chicago Rys. Co.*, 290 Ill. 85. In our opinion the case cited is not in point. In that case the declaration alleged that the injury, resulting in the death which was there involved, occurred on June 27, 1909. The suit was brought November 28, 1910. The declaration did not allege that the action was commenced within one year after the death of the deceased, nor did it set forth the date of his death. In the case at bar, the action was begun on May 13, 1920, and the declaration alleged that the death of the deceased occurred on May 15, 1919. Sufficient appears, from the record, therefore, to show that this action was begun within a year after the death of the deceased.

In support of his appeal, the plaintiff administrator contends that the arrest of the deceased, Harris, was illegal, as he was arrested without a warrant and the arresting officers did not see him in the act of committing a crime. The officers who arrested Harris are not the defendants in this case. This is not a case for damages resulting from false arrest or assault and battery, against arresting officers alleged to have made the arrest illegally, in which case the burden would be on the defendant officers to justify their arrest. *Shanley v. Wells*, 71 Ill. 78. While it is true that the defendant Mansell testified that there was no warrant for the arrest of Harris and that he was suspected of being a pickpocket, no proof whatever was submitted by the plaintiff as to the actual circumstances of the arrest. The arresting officers did not testify. So far as the record shows, the arresting officers may have caught him in the act of picking a pocket or commit-

ting some other crime. Or, a crime having been committed, they may have had reasonable cause to suspect Harris of committing it. In either case the arrest without a warrant would be proper. Cahill's Ill. Stat. ch. 38, ¶ 681.

We are of the opinion, however, that the question of the legality of the arrest of Harris is not material. The defendant Mansell, having responded to the call coming into the police station from the arresting officers, and having gone to the patrol box designated by them, with the patrol wagon, and Harris having been delivered into his custody by the arresting officers for the purpose of taking him to the police station, the question of the legality of the arrest may not be considered as affecting the right and duty of Mansell to take him to the police station and there deliver him safely. When Harris assaulted Mansell and proceeded to escape, we are of the opinion that it was both the right and the duty of Mansell, and likewise the other defendant officers, who came to his assistance, to prevent such escape, by using such force as might reasonably be called for to effect that purpose, including the firing of shots, if Harris persisted in his attempt and the officers could not overtake him, which appears to have been the case from all the testimony in the record. We are further of the opinion that if, in such an attempt to prevent his escape, Harris was struck by one of the bullets which was fired and such wound resulted in his death, the officers may not be held liable in damages because of that fact.

For the reasons stated, the judgment of the circuit court is affirmed.

*Judgment affirmed.*

O'CONNOR, P. J. and TAYLOR, J. concur.