[Civil No. 2177.   Filed May 22, 1925.]

[237 Pac. 380.]

## J. H. BRYANT, Appellant, v. CITY OF BISBEE and JOHN W. HOGAN, Appellees.

1. APPEAL AND ERROR—BAIL—IN SUIT TO RECOVER MONEY DEPOSITED ON ARREST, BURDEN NOT ON CITY TO SHOW LEGALITY OF ARREST; QUESTION NOT RAISED BELOW EITHER ON TRIAL OR BY PLEADINGS CANNOT BE RAISED ON APPEAL. — In suit to recover money deposited by plaintiff to secure release of persons arrested for gambling in plaintiff's pool-hall, burden was not on defendants to show that arrest was not in violation of Penal Code 1913, section 858, and where legality of arrest was not questioned in any manner, and was not an issue in case, on face of pleadings, plain-

---

1.  See 2 R. C. L. 69.

tiff could not, for first time on appeal, contend that arrest was unlawful.

2. APPEAL AND ERROR—WHETHER ANTI-GAMBLING ORDINANCE AUTHOR-
IZED BY STATUTE CANNOT BE DETERMINED WHERE LANGUAGE OF
ORDINANCE NOT BEFORE COURT.—The language of Anti-gambling
Ordinance 223, section 1, of city of Bisbee, not being before the
Supreme Court, it cannot be determined whether such ordinance is
authorized by Civil Code, paragraph 1831, subdivision 18, au-
thorizing municipal corporations to prohibit gambling and the
operation of gambling-houses.

3. BAIL—POLICE SERGEANT WITHOUT AUTHORITY TO FIX BAIL OF ONE
LEGALLY ARRESTED.—A sergeant of police is without authority to
fix bail for persons arrested, and his release of one legally ar-
rested without bail being properly fixed, was positive breach of
duty.

4. BAIL — PLAINTIFF DEPOSITING MONEY WITH POLICE SERGEANT AS
BAIL HELD IN PARI DELICTO WITH POLICE SERGEANT WHO WRONG-
FULLY ACCEPTED IT, AND NOT ENTITLED TO RECOVER ON SUCH
MONEY BEING FORFEITED. — Where plaintiff deposited $300 with
police sergeant to secure release of persons arrested for gambling
at plaintiff's pool-hall, *held* that, as police sergeant was unau-
thorized to receive such money by way of bail, and his action
in releasing the persons arrested being positive breach of duty,
on such money being forfeited, plaintiff, being *in pari delicto*
with police sergeant, is in no position to complain, and is not
entitled to recover money.

See (1) 3 **C. J.**, p. 694; 6 **C. J.**, p. 1024.  (2) 4 **C. J.**, p. 533.
(3) 5 **C. J.**, p. 431; 6 **C. J**, p. 982.  (4) 6 **C. J.**, p. 1025; 13 **C. J.**,
p. 493.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. C. Lockwood, Judge. Affirmed.

Mr. Alexander Murry and Mr. Frank E. Thomas, for Appellant.

Mr. John E. Sanders, for Appellees.

3. See 3 **R. C. L.** 22.

4. Recovery back of cash taken as bail without authority, see notes in 5 Ann. Cas. 153; 26 A. L. R. 211; 44 A. L. R. 1499; 44 L. R. A. (N. S.) 1150. See, also, 3 R. C. L. 29.

JONES, Superior Judge.—This is an appeal from a judgment for the defendants in an action by the appellant, J. H. Bryant, against the city of Bisbee, a municipal corporation of this state, and J. W. Hogan, the police judge of said city. At the close of plaintiff's case the court granted defendants' motion for an instructed verdict, and from the judgment entered thereon this appeal is taken.

The complaint alleges that on November 20, 1920, one Mooney, a police officer of said city, arrested six men, who will be referred to hereafter as Waller et al.; that said Mooney released Waller et al. on the same day "upon the deposit of said plaintiff in the sum of $300 with the said Mooney"; that on November 22, 1920, plaintiff directed defendant Hogan as police judge to "use and apply said sum of $300 as cash bail for the plaintiff, who, at said time, was under accusation in said police court, and that the said JOHN W. HOGAN, police judge as aforesaid, then and there agreed to, and did, accept said sum and deposit to the use and benefit of this plaintiff in the proceedings then and there pending in said police court against plaintiff"; that on the same day, "notwithstanding his agreement," Hogan declared said deposit to be bail for the appearance of Waller et al., and, said persons failing to appear, made an order purporting to forfeit the same, and thereafter turned the deposit over to the defendant city, which, refusing plaintiff's demands, etc., still remains the same. Wherefore judgment was prayed against the defendants for $300.

The defendants admitted residence and corporate existence, and denied the remaining allegations of the complaint.

Upon the trial the plaintiff offered evidence that a raid had been made upon his pool-hall in Bisbee by city policemen about 11 o'clock at night, November 20, 1920, and that Waller et al. were then and there ar-

rested and taken to police headquarters where they were "booked" for gambling. No formal complaints had been filed, and the arrests were made without warrants. In order to secure the enlargement of Waller et al., the plaintiff deposited with the police sergeant the sum of $300 as bail for their appearance on the following Monday.

The plaintiff himself was also arrested at the same time but was released on his own recognizance, and the case against him was later dismissed. There is no testimony in the record that then or thereafter the police judge agreed that the deposit mentioned should be considered as bail for the plaintiff on the charge against him. The claim of an alleged agreement to that effect was abandoned in the court below, and no point is made in this court with respect thereto.

On Monday the 22d formal complaints were filed against Waller et al., charging gambling with cards in violation of city ordinance 223 (section 1), and Justice HOGAN issued warrants thereon, but the six men failed to appear, and the deposit of $300 was declared forfeited and later placed in the city treasury.

Appellant's three assignments of error are: That the arrest of Waller et al. was illegal and void; that the city ordinance under which the arrests were made is invalid; that the police sergeant received the deposit as bail without authority, and for that reason it remained the money of the plaintiff.

Under the first assignment, it is contended that the arrest was unlawful because in violation of section 858 of the Penal Code, prohibiting an arrest without a warrant for a misdemeanor at night, "except when the offense is committed in the presence of the arresting officer." There is nothing in the record to show that the offense was not committed in the presence of the arresting officer, and a strong inference arises

from the testimony of the arrest at the time of the raid that the offense was so committed.

However that may be, we do not think that the burden of showing that the arrest was legally made was on the defendants. As we have shown in the statement, the plaintiff alleged in his complaint that Waller et al. had been arrested, and that the plaintiff had made the deposit in question, which later, by agreement, became bail for the plaintiff on the charge against him. The gravamen of his action appeared to be the breach by the defendant Hogan of his contract to use the deposit as bail for the plaintiff. The legality of the arrest was not questioned in any manner, either directly or by inference, and was not, on the face of the pleadings, an issue in the case.

This case is distinguishable from *Reinhard* v. *City,* 49 Ohio St. 257, 31 N. E. 35, where an action for conversion, set up in general terms, was brought against the city, which answered that the money in question had been deposited by the plaintiff as bail for the appearance of himself and a companion before the mayor on a charge for which the two had been arrested. The plaintiff replied that the arrest had been unlawful in that no warrant had been issued. On a demurrer to the reply the court held, in effect, that the burden of showing that the arrest had been made either upon a warrant or while the offense was being committed was upon the city, inasmuch as it sought to defend on the ground that a lawful arrest had been made. In the state of the pleadings in that case, the ruling was no doubt correct. Counsel also cite *Shanley* v. *Wells,* 71 Ill. 78, and *Gallimore* v. *Ammerman,* 39 Ind. 323, both of which were actions for false imprisonment, the defense in each case being a lawful arrest of the plaintiff, the burden of showing which was, of course, on the defendant.

The pleadings certainly did not advise the court below of any issue involving the legality of the arrest.

Nor was any claim to that effect made during the trial, although the question was vital upon the motion for an instructed verdict. The contention is therefore first made upon this appeal, and for that additional reason is denied.

The second assignment of error challenges the authority of the city to pass the anti-gambling ordinance, for a violation of which the arrest was made, and the case of *State* v. *Burris,* 23 Ariz. 199, 202 Pac. 407, is cited as authority. It was there held that an ordinance prohibiting prostitution generally was in excess of the authority granted the city. The criminal complaint charges those arrested with unlawfully engaging or participating in a card game, contrary to the city ordinance. Subdivision 18, paragraph 1831, 1913 Civil Code, provides that the city may "suppress or prohibit gambling houses" and "punish the keepers and inmates thereof." The language of the ordinance not being before us in anywise, we cannot say that it was unauthorized, as it may have been drawn strictly in compliance with statutory authority, nor can we say from the record that the accused were not "keepers" or "inmates" of a gambling-house. As we have said before in another connection under plaintiff's pleadings, the burden of showing that the arrest was illegal, whether for one reason or another, was clearly upon the plaintiff. This contention, like the first one, does not appear to have been made below, and we would therefore have been justified in refusing to consider it at all.

We have then the situation of one delivering money to a police officer, unauthorized to receive it, by way of bail for the future appearance of others legally arrested and in custody to answer the charge against them. This presents the third assignment of error.

That the transaction was illegal, there can be no doubt. The sergeant had no authority to fix bail.

To release the accused without bail being properly fixed was a positive breach of duty.

But it does not follow that the plaintiff is entitled to recover. Putting aside the question whether the proper parties plaintiff are not the accused persons (see *Doane* v. *Dalrymple,* 79 N. J. Law, 200, 74 Atl. 964), we find that the plaintiff is seeking to recover moneys deposited in an illegal transaction which has been fully executed. He sought the enlargement of the accused, and accomplished that purpose by depositing $300 upon the understanding that it should be considered as bail for the appearance of the accused on the following Monday. Having accomplished his purpose, and the money being forfeited, as he agreed it might be if the accused failed to appear at the time stated, it seems to us that he is *in pari delicto* with the police sergeant, and in no position to complain. 13 C. J. 493.

Whether one under arrest who is faced with the alternative of being confined in jail or securing his enlargement by depositing money as pretended bail, is not under sufficient duress or undue influence to take him out of the rule on the theory that his act is involuntary (13 C. J. 498, 499), is not involved in this case. Here at least there was nothing compulsory, no duress or undue influence upon the appellant. The bitterness of a choice between two evils was not forced upon him. His action was entirely voluntary. In such a case we have no hesitancy in invoking the rule.

Cases sustaining our view are: *State* v. *Reiss,* 12 La. Ann. 166; *Smart* v. *Cason,* 50 Ill. 195; *Cooper* v. *Rivers,* 95 Miss. 423, 48 South. 1024. The case of *Merwin* v. *Huntington,* 2 Conn. 209, is analogous. The court in *Reinhard* v. *City, supra,* cited by appellant, clearly recognizes the distinction between voluntary and involuntary bail deposits. The case of *Sauskelonis* v. *Herting,* 89 Conn. 298, 94 Atl. 368,

goes further, and holds that the accused himself cannot recover a deposit made to effect his enlargement as he is *in pari delicto* with the officer, and *Moss* v. *Summit County,* 60 Utah, 252, 26 A. L. R. 206, 208 Pac. 507, approves this view. As we have said we reserve decision on such question until it is presented.

Appellant cites *Brasfield* v. *Town of Milan,* 127 Tenn. 561, 44 L. R. A. (N. S.) 1150, 155 S. W. 926, in which the decision was in favor of recovery under circumstances quite similar to those here involved, but it will be noted that there was no discussion in the opinion of the doctrine of *pari delicto.*

Appellant also cites *Richardson* v. *Junction City,* 69 Kan. 664, 77 Pac. 691; *Applegate* v. *Young,* 62 Kan. 100, 61 Pac. 402, and *Snyder* v. *Gross,* 69 Neb. 340, 5 Ann. Cas. 152, 95 N. W. 636. In the first two cases the deposit was made by the accused to effect his enlargement, and a question was thus presented which is not before us.

In the Snyder case, the wife of the accused, to secure his enlargement, made a deposit as bail with the justice of the peace, who had no authority to receive it and she thereafter brought an action against the justice and the sureties on his official bond to recover the amount of such deposit. She recovered in the court below against the justice, but was nonsuited as to the sureties, and she appealed. The justice did not appeal. The appellate court held that the act of the justice in receiving the deposit was unauthorized, and that she could not therefore recover against the sureties. The expression of the court that the judgment against the justice was proper does not appear to have been necessary to a decision of the case. Since the justice did not appeal, the only question before the court was the right of the appellant to recover against the sureties. The applicability of

the doctrine of *pari delicto* was probably not suggested to the court, and there is nothing in the opinion relative thereto.

Appellant also cites *City and County of San Francisco* v. *Hartnett*, 1 Cal. App. 652, 82 Pac. 1064. It was there held that a bail bond may not be enforced against its sureties where the amount of the bail was fixed in an unauthorized manner. The bond being void, it certainly could not be enforced. The reverse of the situation in this case was there presented, and there was no occasion for the application of the doctrine of *pari delicto,* and consequently it is not discussed in the opinion.

We do not find it necessary to consider cases where deposits were made to secure enlargement from an illegal arrest (see *State* v. *White,* 40 Wash. 560, 2 L. R. A. (N. S.) 563, 82 Pac. 907), for, as we have shown, the arrests in this case must be considered as having been legally made.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.

LOCKWOOD, J., having tried the case in the lower court, was disqualified, and Hon. GERALD JONES, Judge of the Superior Court of Pima county, was called to sit in his stead.