sentative of the insurance company. The pertinency of the particular facts sought by the specific interrogatories are not challenged and we do not determine their respective relevancy. The assignments of error pertaining to this phase of the appeal are rested on the argument that only an officer of the corporation is a proper party to the bill for such purpose. The authorities are to the contrary. The allegations of the bill show the necessity of discovery of pertinent facts, unknown to the plaintiff and peculiarly within the knowledge of agent Macey, and that he is agent and not officer of the corporation does not preclude a discovery by him. 18 C.J. 1064, § 10 and cases cited; 27 C.J.S. Discovery, § 10 and cases, p. 16.

Pertinent Alabama cases bearing on the general principle are: Virginia & Alabama Mining & Mfg. Co. v. Hale & Co., 93 Ala. 542, 9 So. 256.(This case refers to officers and agents of the corporation interchangeably.); Gulf Red Cedar Co. v. Crenshaw, 138 Ala. 134, 144, 35 So. 50; Nixon v. Clear Creek Lumber Co., 150 Ala. 602, 610, 43 So. 805, 9 L.R.A.,N.S., 1255; Gulf Compress Co. v. Jones Cotton Co., 157 Ala. 32, 41, 47 So. 251; Collins v. Mobile & O. R. Co., 210 Ala. 234, 97 So. 631; Alabama Butane Gas Co. v. Tarrant Land Co., 244 Ala. 638, 15 So.2d 105.

We find no error in the rulings on the demurrer to the bill. The decree of the lower court is affirmed.

Affirmed.

All the Justices concur except STAKELY, J., not sitting.

Cyrus R. Lewis, of Dothan, for petitioner.

L. A. Farmer and J. Hubert Farmer, both of Dothan, for respondent.

30 So.2d 737
### MITCHELL v. CITY OF DOTHAN.
#### 4 Div. 430.
Supreme Court of Alabama.
May 29, 1947.

254

LIVINGSTON, Justice.

█ It must be conceded that the acceptance by the authorities of the city of Dothan of the sum of $102 in lieu of bail for the appearance of Mrs. Mary Mitchell to answer a criminal charge was without sanction of law. As to her right to maintain a suit for the recovery of the money so paid, the authorities are in conflict. See, Moss v. Summit County, 60 Utah 252, 208 P. 507, 26 A.L.R. 206, notes on page 211; Bryant v. City of Bisbee, 28 Ariz. 278, 237 P. 380, 44 A.L.R. 1495, notes on page 1499; Kirschbaum v. Mayn, 76 Mont. 320, 246 P. 953, 48 A.L.R. 1425, notes on page 1430.

Some of the authorities deny the right to recover money so paid on the theory of estoppel, in that, the party making such a deposit has fully realized the benefits of the agreement and should not be heard to complain. While others deny recovery on the theory that the parties to the agreement are in pari delicto.

In Butler v. Foster, 14 Ala. 323, it was clearly held that money paid into court, on a court order, as a substitute for bail still belonged to the person who paid it.

█ But we think there is another principle having application here. Although the parties are in pari delicto, yet the court may interfere and grant relief at the suit of one of them, where public policy requires its intervention, even though the result may be that a benefit will be derived by a plaintiff who is in equal guilt with defendant; but here the guilt of the parties is not considered as equal to the higher right of the public, and the guilty party to whom the relief is granted is simply the instrument by which the public is served. However, courts are and should be cautious in affording relief to a fraudulent debtor or other violator of the law under this exception, and should act only where it is evident that some greater public good can be subserved by action than by inaction. 17 Corpus Juris Secundum, Contracts, § 278, p. 665; Durr Drug Co. v. Acree, 239 Ala. 194, 194 So. 544; Pace et al. v. Wainwright, 243 Ala. 501, 10 So.2d 755; Mudd v. Lanier, 247 Ala. 363, 364, 24 So.2d 550.

█ Sound public policy forbids the acceptance of cash in lieu of bail bond. In our opinion greater public good can be subserved by action than by inaction. We are therefore in accord with the holding of the Court of Appeals, and the judgment of that court should be affirmed. It is so ordered.

Affirmed.

All the Justices concur.

30 So.2d 671

**ROBERSON v. STATE.**

**6 Div. 531.**

Supreme Court of Alabama.
May 29, 1947.

James Love, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SIMPSON, Justice.

The appellant was duly indicted and tried on a charge of murder in the first degree. He was convicted of murder in the second degree, and received a sentence of thirty-