.[Glover, Admr. v. Walker.]

# Glover, Admr. v. Walker.

*Bill in Equity to Enforce Vendor's Lien.*

1. *Conveyances to defraud creditors valid as between parties*—Conveyances, or gifts, made to hinder, delay or defraud creditors, are valid and operative between the parties when fully consummated, and neither party can rescind or defeat them.

2. *Vendor's lien is not dependent on agreement.*—A vendors lien does not spring from or depend on the contract or agreement of the vendor and vendee; unless excluded by their agreement the law raises the lien, on the principle that one man ought not, in good conscience, to get and keep the estate of another without paying for it, and the vendee will be regarded as holding the legal title in trust for the vendor for the payment of the purchase money.

3. *Equity will not enforce a trust springing out of the complainants own fraud.*—Courts of equity will never imply or enforce a trust springing out of a transaction, in which the party seeking to enforce it, has been guilty of fraud and immoral conduct.

4. *Vendor's lien—can not arise out of fraudulent sale.*—When one conveys his property to another for the purpose of hindering, delaying and defrauding his creditors. taking in return a purchase money note, which it is agreed shall never be paid, no vendor's lien, enforceable in equity, can arise from the transaction.

APPEAL from the Chancery Court of Barbour.

Heard before H. D. CLAYTON, Special Chancellor.

This was a bill filed by the appellant, E. M. Glover, as the administrator of the estate of Maisy C. Crews, deceased, against D. L. Walker, the appellee, in the chancery court of Barbour county, Alabama, on the 18th day of August, 1893.

[Glover, Admr. v. Walker.]

The purpose of the bill is to enforce a vendor's lien for the purchase money of certain lands described in said bill, which had been conveyed by appellant's intestate to appellee, D. L. Walker, on the 25th day of April, 1878, for the consideration of twelve hundred dollars, for which appellee, Walker, gave her on the day of said conveyance, his promissory note, payable one day after date. The bill alleges that no part of said purchase money has ever been paid, and that the same, with interest thereon, is still unpaid; that Maisy C. Crews died intestate, some time in the year 1889, and that complainant. E. M. Glover, was by the probate court of Barbour county, Alabama, appointed administrator of her estate on the 21st day of February, 1893.

The bill prays for process against respondent, D. L. Walker, and seeks a decree, upon the hearing of said cause, declaring that the note for said purchase money constitutes a lien upon said lands to the extent of twelve hundred dollars and interest, and that the amount due be ascertained, either by the chancellor, or by reference to the register, and that the lands be sold and the proceeds be applied to the payment of the amount found to be due, &c.

On the 14th day of September, 1893, respondent, D. L. Walker, filed in said chancery court his four several pleas in bar of the right of complainant to maintain this suit, which were in substance as follows: 1st. That all the matters and rights of complainant in the present suit had been adjudicated and settled by a former suit in said chancery court, commenced on the 26th day of January, 1893, the same being numbered 2100 on the docket of said court, wherein the present complainant was complainant and the present respondent was respondent, and involving the same transaction with reference to the same lands. That upon the argument and hearing of said cause, No. 2100, upon its merits, the chancellor was of opinion that the complainant was not entitled to relief, and caused a decree to be entered dismissing said cause out of said court. A transcript of the record of said cause, No. 2,100, was made an exhibit to this plea, and leave was asked to introduce the same as evidence upon the trial of this cause, and the plea averred that said former decree was a bar to this suit and prayed judgment of the court whether respondent ought to be

[Glover, Admr. v. Walker.]

compelled to make any further answer to said bill, or any part thereof. 2d. This plea was substantially the same as the first, relying upon the allegations and decree in said cause, No. 2,100 as an estoppel upon complainant from setting up and maintaining the present bill. 3d. This plea sets up the statute of limitations of six years as a bar to complainant's right to maintain the present bill. 4th. This plea sets up the statute of limitations of ten years as a bar to complainant's right to maintain this bill.

On the trial of this cause, complainant admitted that he was complainant, and that respondent, D. L. Walker, was respondent in said cause, No. 2,100, and that the lands described in the original bill were the same as were described in said former bill of complaint.

The original bill in said cause, No. 2,100, a certified transcript of the record of which was attached to pleas Nos. 1 and 2, in this cause, and introduced in evidence upon the trial of this cause, was filed on the 26th day of January, 1893, in the chancery court of Barbour county, Alabama, by E. M. Glover, as the administrator of the estate of Maisy C. Crews, deceased, and against D. L. Walker, et al., and sought to have the two deeds mentioned in the present bill, which were executed on said 25th day of April, 1878, cancelled and annulled, and to have said D. L. Walker to surrender the originals of said deeds to the register of said chancery court for cancellation and destruction, and to divest the title of said lands out of said D. L. Walker, and vest the same in the heirs-at-law of said Maisy C. Crews, deceased, subject to the payment of debts against her. The allegations of said bill were that said deeds were executed by said Maisy C. Crews to said D. L. Walker for the purpose of hindering, delaying or defrauding creditors of the said Maisy C. Crews, and was done upon the advice of said D. L. Walker, who was a brother of said Maisy C. Crews, and who had and exercised great influence over her; that it was intended and understood between said Maisy C. Crews and said D. L. Walker, at the time of the execution of the note given by said D. L. Walker to said Maisy C. Crews, on the said 25th day of April, 1878, for the purchase money of said land, that said note was never to be paid, and that said deeds were simply to be used as a protection to said Maisy C. Crews against certain

[Glover, Admr. v. Walker.]

judgments then outstanding against her; that said note was never paid, and that said Maisy C. Crews continued to use, possess, and enjoy the said lands after the making of said deeds as she had done before that time, and so continued up to the time of her death in 1889; that after her death her heirs received the income of said lands, or a part thereof for about two years, when they left the locality of said lands and never made further demand for the same; that said D. L. Walker never filed said deeds for record until after the death of said Maisy C. Crews, nor did he make any claim to the title of said lands, other than such as was necessary to protect the said Maisy C. Crews from said judgment; that the said D. L. Walker took advantage of his relationship to the said Maisy C. Crews and induced her to make said deeds under a pretense of protecting her, and has only since her death set up any claim to said lands.

To the last mentioned bill, No. 2,100 on said chancery docket, respondent, D. L. Walker, demurred, and as grounds of demurrer assigned in substance the following: 1st. That according to the allegations of the bill said parties were in *pari delicto*, and that, therefore, the court would not give the relief prayed for; that said Glover, as the administrator of Maisy C. Crews could not obtain relief to which his intestate in her life time would not have been entitled.

2d. That said deed from Maisy C. Crews to D. L. Walker, being, as alleged in said bill, void on account of the fraud perpetrated by said Maisy C. Crews, neither she, in her life time, nor her administrator could assert any rights thereunder.

3d. That the administrator of the grantor in a fraudulent conveyance could not have such conveyance cancelled or annulled.

4th. That complainant did not come into court with clean hands, and was not entitled to the relief prayed for; that if said deed from said Maisy C. Crews to D. L. Walker was fraudulent and void, as alleged in said bill, then the court should and would leave them where they had placed themselves.

Said cause, No. 2,100, was submitted upon the bill, the demurrers thereto and a motion to dismiss said bill for want of equity. Upon the hearing of the said cause, the court decreed that the 1st, 3d, and 4th grounds of

demurrer interposed by defendant, Walker, to the original bill were well taken, and sustained said demurrers, and furthermore dismissed said bill for want of equity. This decree was rendered on the 21st day of March, 1893.

The present cause was submitted for decree on the 19th day of September, 1893, for decree to be rendered in vacation, upon the bill, the four pleas above set out, the admissions by the complainant above set out, and the certified transcript of the record in said case, No. 2,100, which, in substance, is set out above. On the 1st day of January, 1894, the chancellor rendered a decree in the cause now pending before the court, which is as follows: "It is considered, ordered and adjudged by the court that the plea of the defendant is well taken and is sustained by the proof that there is no equity in complainant's bill, and it is accordingly ordered, adjudged and decreed that said bill be and is hereby dismissed out of this court, and that complainant pay the costs of this suit for which let execution issue."

The appellant, E. M. Glover, as administrator, &c., appeals from this decree, and assigns as error in the ruling and decree of said chancellor, the following: 1st. Declaring said bill to be without equity. 2d. The decree does not say which of the four pleas filed by respondent in this cause is well taken and sustained by the proof. 3d. The chancellor's sustaining either, all, or any of said four pleas filed by respondent, and his dismissing complainant's bill on account of said plea. 4th. The ruling of said court that the plea of the defendant was well taken, and was sustained by the proof, and that there was no equity in complainant's bill.

P. B. McKENSIE and A. A. EVANS, for the appellant.

A. H. MERRILL for the appellee.

HARALSON, J.—In this case, there was no reply to the pleas, but the parties submitted the case on the bill, pleas and testimony, as noted. They each, in their written arguments, treat the case as at issue on the pleas filed. These issues were, as stated by appellant's counsel, 1st, "Whether or not the matters and rights prayed for in this bill were not adjudicated and settled in said

[Glover, Admr. v. Walker.]

(former) cause No. 2,100;" and, 2d, "Whether or not the allegations of the bill and the decree in said cause, No. 2,100, did not estop and bar complainant from setting up and maintaining the bill filed in this cause." In other words, the insistence of the appellant is, that admitting the truth of the defendant's 1st and 2d special pleas in bar, the present bill contains equity, since, as contended, after a note given for the purchase money of land has been barred by the statute of limitations, the right to file a bill to enforce the vendor's lien for the purchase price may still, within twenty years, be maintained, even if the sale had been made with the intent to hinder, delay and defraud the creditors of the grantor; that as between the grantor and grantee, the sale will be treated in equity as binding, and the trust, arising out of the transaction will be enforced for the benefit of the vendor. This proposition is denied by the defendant, his contention being, that if the conveyance was executed with the fraudulent intent set up, equity will not raise a trust out of the transaction, which it will enforce for the benefit of the fraudulent vendor. That was the issue presented for decision in the court below, and we accept and treat it as it has been made and presented by the parties themselves. The chancellor decided in favor of the defendant, and dismissed the bill as wanting in equity, and his decree is assigned as error.

It is well settled, that conveyances, or gifts, made to hinder, delay, or defraud creditors, are valid and operative between the parties when fully consummated, and that neither party can rescind or defeat them. In *Williams v. Higgins*, 69 Ala. 523, which was a real action in the nature of ejectment, the plaintiff exhibited, as the basis of his recovery, the deed from the defendant, which was fair on its face. The deed was made, as appeared by the evidence, to hinder, delay and defraud the creditors of the grantor. The defendant, to avoid his own conveyance, set up his fraud, his illegal and immoral purposes in the execution of the conveyance. The court held, that he could not become the actor and set up such a defense, to release himself from the toils of his own vicious invention. As was there said, "No court has as yet given such assistance. Truth and fair dealing are rules of universal obligation. If men in consummation of frauds, employ instruments, binding and conclusive

35

[Glover, Admr. v. Walker.]

in their legal operation and effect, it is sound reason, good policy, sheer justice, to leave them where they have placed themselves, bound as they have bound themselves, without assistance from the courts to unloose them, when it becomes their interest to be unloosed, encouraging them and others to commit similar frauds." And so, it may be admitted, that if the note mentioned in the pleadings were sued on at law, and the statute of limitations were not pleaded, the defendant could not, in order to defeat a recovery on it, set up his own immoral conduct in having executed it, to enable the payee the better to hinder, delay and defraud her creditors.—*Giddins v. Boling*, 93 Ala. 95; s. c. 92 Ala. 586. But the case in hand is not analogous to these, as we shall see. Here, an equitable trust is sought to be raised, and is by the contention of the appellant, declared to arise out of a transaction confessedly actually fraudulent. A vendor's lien, such as is sought to be here enforced, does not spring from, or depend on the contract or agreement of the vendor and vendee. Unless excluded by their own agreement, the law raises a vender's lien on the principle, that one man, in good conscience, ought not to get and keep the estate of another, without paying for it. The vendee stands in the relation of a trustee for the vendor,—holding the legal estate, charged with a trust for the payment of the purchase money.—*Shorter v. Frazier*, 64 Ala. 74. But, the rule is of universal recognition that a court of equity will never imply or enforce a trust, springing out of a transaction, in which the party seeking to enforce it, has been guilty of fraud and immoral conduct.—*Brantley v. West*, 27 Ala. 551.

In King v. King, 61 Ala. 482, this court said,—"The maxim, *in pari delicto melior est conditio possidentis*, applies in courts of equity, as well as in courts of law; and either court, leaves a debtor, guilty of fraud on his creditors, to the consequences of that fraud."

In *May v. May*, 33 Ala. 205, the court held, that while a court of equity will not allow a grantee in an absolute conveyance, to hold property discharged of a trust which by his consent was attached to a conveyance and which he agreed to fulfill, *the transaction being fair and lawful on the part of the grantor*, yet it will not aid him in carrying out and effecting an illegal arrangement, by which he made absolute conveyance of his property for the pur-

pose of defrauding his creditors, upon the private verbal agreement of the grantee to reconvey the property, or allow it to be redeemed. The court said : "When parties enter into such arrangements, a court of equity does not interfere between them, but leaves them where they have placed themselves."

In *Patton v. Beecher*, 62 Ala. 589 in considering a question similar to the one before us, the court said : "The want of consideration would simply render the conveyance voluntary, inoperative against the existing creditors of the grantor, but as between themselves, it would be valid, operative to pass the legal estate, excluding the implication of a use or trust for the grantor." And again, if more were needed, it is held, that where the purpose of a grantor in the execution of a conveyance, absolute in form, is to place his property beyond the reach of creditors, to be held in trust for his own benefit, neither he nor his heirs can enforce the trust; not that such a conveyance gives the grantee an honest right to hold, but, because of the vicious intent of the grantor, he forfeits all right to enforce the trust.—*Kelly v. Karsner*, 72 Ala. 111. 3 Wait's Act. & Def. 199.

From what has gone before, it sufficiently appears, that when one conveys his property to another for the purpose of covering it up, and thereby to hinder delay and defraud his creditors, a vendor's lien cannot arise out of such a transaction, enforceable in equity.

There was no error in the decree of the chancery court dismissing the bill.

Affirmed.