200 So. 559

## MURRAY v. MURRAY.

### 6 Div. 729.

Supreme Court of Alabama.

Feb. 20, 1941.

Pennington & Tweedy, of Jasper, for appellant.

Arthur Fite, of Jasper, for appellee.

---

[1] Ante, p. 545.

FOSTER, Justice.

The purpose of this suit is to enforce in equity a vendor's lien to obtain payment of the purchase price of a forty acres of land (northwest quarter of northwest quarter) deeded by appellant to appellee along with another forty (southwest quarter of northwest quarter).

The deed in question was executed October 29, 1931, and recited a consideration of $1,250, as having been paid.

Complainant claims that payment of $20 was made, and alleges that at his instance respondent conveyed the southwest quarter of the northwest quarter to complainant's cousin for $800, and then agreed to pay him $550, of which he paid $20. That contention raises the total consideration to $1,350, which is not satisfactorily explained by complainant. The parties are brothers. Complainant was a prosperous farmer and merchant, and owned considerable property, as the parties viewed matters. Respondent was a miner and out of a job. He claims that complainant had become security on a debt to the bank for another, and determined to avoid or delay paying it; that in pursuance thereof, he proposed to and did convey this land to respondent without consideration and with the intention that the forty in question would be a gift, and the other one subject to complainant's disposal. That he did not agree to pay anything for any of it. That he went into possession of the forty in question and has continued to hold it, and made the deed of the other forty to the purchaser from complainant as requested.

■ Another feature of the defense is that assuming the agreement to pay the consideration named in the deed, a court of equity will not raise a vendor's lien, which is a sort of trust relationship, out of a transaction whereby the vendor made the conveyance for the purpose of hindering, delaying or defrauding his creditors. That principle has been sustained in Alabama, Glover v. Walker, 107 Ala. 540, 18 So. 251; Baird v. Howison, 154 Ala. 359, 45 So. 668, though there is a conflict of opinion in some other quarters. 27 Corpus Juris 663 (Fraudulent Contracts) sections 437, 438.

Another principle in that connection is that a conveyance may become purged of infirmities caused by its initial fraudulent purpose, and become a legitimate transaction as between the parties by matters subsequently occurring effective as of the latter occurrence. High v. Nelms, 14 Ala. 350, 353, 48 Am.Dec. 103; Stover v. Herrington, 7 Ala. 142, 151, 41 Am.Dec. 86; 24 Am.Jur. 263. (Fraudulent Contracts) section 113.

There was no note given or other evidence of a debt. Complainant about that time was disposing of much of his tangible property. He did eventually pay the balance of the debt to the bank out of the purchase price for the south forty deeded to respondent and sold for $800.

Respondent moved on the place in 1931, before the deed was made in October, 1931, and continued to live on it or rent it out until this suit was filed in 1938. He let complainant have $20 at one time. They disagree as to the purpose of it. According to his testimony it was not as a payment on the land, and he never made any payment on it, and never agreed to do so. Complainant also gave him a mule with which to cultivate the land. He also gave him some farming implements. They had no other brother living, and were close in their relations.

■ We think the evidence preponderates that respondent never agreed to pay anything for this forty; that he was not called on to pay anything for it; that it was intended as a gift to him; that complainant had two purposes in doing so: (1) he wanted to help his only living indigent brother, and (2) he wanted his tangible property, including the south forty of this tract, so situated as to ownership that he could delay, if not defeat, payment of the surety debt to the bank then in litigation, or put himself in better position to negotiate.

■ We do not think that when respondent conveyed the south forty at the instance of complainant there was any further agreement by which $550 was to be paid to complainant for the forty now in question, so as to purge the transaction of its initial purpose or to implant a consideration never before intended. There is no reason assigned by complainant why the balance of the consideration was not $450 instead of $550. The deed recites $1,250. The south forty was sold for $800.

The trial court denied relief to complainant and, in so doing, we think, was fully supported by the law and facts.

Affirmed.

GARDNER, C. J., THOMAS and BROWN, JJ., concur.