10 So.2d 755

### PACE et al. v. WAINWRIGHT.

#### 5 Div. 370.

Supreme Court of Alabama.

Dec. 3, 1942.

502

J. A. Hines and Will O. Walton, both of LaFayette, for appellants.

D. W. Jackson, of LaFayette, for appellee.

FOSTER, Justice.

Appellee obtained a decree in the trial court whereby she was reinvested with the title to a house and lot known as the Alice Pace homestead, notwithstanding her deed of it to appellant, W. R. Pace, dated March 1, 1939. Of this appellant complains. The basis on which the decree is sought to be sustained is section 8046, Code of 1923, section 15, Title 20, Code of 1940, whereby when a material part of the consideration of a deed is an agreement of the grantee to support the grantor during life, the deed is void at the option of the grantor, with certain exceptions not material here to mention. We need not consider the question of what conduct should be treated as an election not to avoid the deed, nor the continuing effect of such election once exercised: questions not presented.

The contention is made by appellant that there was no such agreement as a material part of the consideration, but that the deed was in fact made with the intent on the part of the grantor to hinder, delay or defraud her creditor then existing, and that she has no standing in a court of equity to secure the benefits of a fraudulent transaction.

█ The general principle is well sustained that participation by one in a scheme whose purpose and tendency are to work a fraud upon another deprives him of standing in a court of equity to secure rights growing out of that transaction as against one in pari delicto, under the unclean hands maxim. Glover v. Walker, 107 Ala. 540, 18 So. 251; Baird v. Howison, 154 Ala. 359, 45 So. 668; Durr Drug Co. v. Acree, 239 Ala. 194, 194 So. 544; Murray v. Murray, 240 Ala. 550, 200 So. 559; Anders v. Sandlin, 191 Ala. 158(3), 67 So. 684; Montgomery v. Ward, 227 Ala. 641, 151 So. 583.

█ But as a limitation on that maxim there is another principle to the effect that sometimes the courts of equity will enforce a right growing out of a transaction, notwithstanding unclean hands, when to do so would uphold the public policy of the state evidenced by a statute so declaring, where guilt is not equal to the higher right of the public. 17 Corpus Juris Secundum, Contracts, pp. 665, 666, § 278. That principle is discussed in the Durr Drug Co. case, supra, where we held that a married woman was not deprived of her equitable remedy by this maxim to enforce her rights under a statute prohibiting her from becoming surety for her husband.

The theory is that the court will not through this maxim make abortive a statute enacted for the general welfare, and will sometimes grant relief by virtue of such a statute, when complainant is a party to a transaction which the statute was designed to prohibit, but when to deny relief would nullify it.

■ But we do not think that this principle applies to section 8046, supra, when the transaction in question was conceived and consummated in fraud having a purpose and tendency to work injury by one seeking to make it available. So that the question of fraud in purpose and tendency is one which controls appellee's standing in this case. She testified that when she made the deed to appellant, he agreed to reconvey the property to her whenever she wanted him to do so. Ten days later, this agreement was put in writing.

No effort is made to enforce that agreement, presumably because it was then the homestead of appellant, a married man. The effort is to cancel the deed solely by virtue of § 8046, supra.

Did the transaction tend to defraud the creditors of appellee? To do so, the property conveyed must be subject to sale for the payment of debts.

■ Appellee had a homestead on which she was then residing having no connection with the Alice Pace homestead, here involved. The latter was not exempt from the payment of her debts because she had bought it and contemplated at some time in the indefinite future to give up her present home and occupy that. 29 Corpus Juris 506; Beard v. Johnson, 87 Ala. 729, 6 So. 383. The evidence supports the finding that the Alice Pace homestead was subject to her debts.

There must also be the existence of a fraudulent intent to come under the influence of the unclean hands maxim, as we have said. Is such an intent inconsistent with an agreement whereby as a material part of the consideration, the grantee agreed to support her?

■ A conveyance based upon a valuable consideration presently paid or promised, may be one in fraud of creditors when its purpose is to change the property of the grantor or its title into a status not apparently available to creditors or easily concealed from them so as to hinder, delay or defraud them in respect to their debt, and when the grantee is a party to the purpose or has notice of it before paying the consideration. Federal Land Bank v. Rowe, 222 Ala. 383, 133 So. 50; Rogers v. Conaway, 226 Ala. 334, 147 So. 152; London v. G. L. Anderson Brass Works, 197 Ala. 16, 72 So. 359.

■ This result is manifested when the grantor either by express stipulation in the deed or by collateral agreement reserves a trust for his use in the property, whether it be personalty (section 1, Title 20, Code of 1940) or realty. Stokes v. Jones, 18 Ala. 734; Sandlin v. Robbins, 62 Ala. 477, at page 485; Mortin Hardware Co. v. Barranco, 233 Ala. 346, 172 So. 109; Stollenwerck v. Fourth National Bank, 205 Ala. 548, 88 So. 659; Goetter v. Smith, 104 Ala. 481, 16 So. 534.

Appellee testified that there was an agreement for a secret trust in two respects, one was that the grantee was to reconvey the property to her on her demand, and the other was that she was to move onto the property and make her home on it with appellant, besides being provided by him with her other personal needs.

■ None of this was stipulated in the deed. While a recital to that effect in the deed would not have protected the grantee against the rights of creditors, its absence from it indicates that it was intended to be kept secret and to be withheld from the public, and her creditors in particular, and thus manifests a distinct purpose by the arrangement to hinder, delay or defraud her creditors. Indeed there was much evidence that she expressed such a purpose. From all this it is clear that appellee had a fraudulent purpose tending to work injury to her creditors, which deprives her of enforcing a right in equity dependent upon that transaction.

In justification of appellant's position, let it be said that the evidence shows that he borrowed $1,000 by giving a mortgage on the property and used it with $600 of his other funds to improve it and prepare two rooms for the use of appellee. He has repaid much of the borrowed money. That about a year after the execution of the deed, and after selling another place, she moved into the house with appellant and continued to so reside being also supplied by him with her table board, until and including the time of the trial, though she complained that appellant was not providing all her needs as contemplated.

The decree of the trial court is reversed and one is here rendered denying relief to appellee.

Reversed and rendered.

GARDNER, C. J., and BOULDIN and LAWSON, JJ., concur.