80 So.2d 650

**R. B. HYATT et al.**

v.

**W. K. COMPTON.**

**6 Div. 598.**

Supreme Court of Alabama.

May 26, 1955.

Finis E. St. John and Jack C. Riley, Cullman, for appellants.

650

Bland & Bland, Cullman, for appellee.

MAYFIELD, Justice.

This appeal is prosecuted from a final decree of the Circuit Court of Cullman County, Alabama, in Equity.

The present litigation grows out of the transfer of a farm in Cullman County by the father, the complainant and who is here the appellee, to his daughter and her husband, the respondents and who are here the appellants. The evidence was voluminous and the cause strongly contested. But, an extended resume of the conflicting evidence is not necessary to this opinion as the case comes to us on the appellants' single assignment of error.

The complainant-father, an elderly man in his declining years, filed his bill of complaint to nullify and avoid a deed which he had given to his daughter and son-in-law, the respondents, under the provisions of Code, 1940, Tit. 20, § 15, which is as follows:

"Any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance."

The deed which the complaining father sought to avoid provided for the following considerations in addition to $1:

"As a further consideration in this conveyance the grantees hereby agree to provide the grantor the necessities and comforts during his lifetime, including home, board, clothing, medical care, and etc. And in case the grantees fail or refuse to make such provision for the grantor as herein set out then this conveyance to be null and void and count for naught."

By their answer and cross-bill, the respondents averred that at the time of the execution of the deed from the father to his daughter and son-in-law, the complaining father was being pressed by certain creditors and the deed in question was made for the purpose of defrauding such creditors. Appellants strenuously, and with great vigor, argue that this cause is within the purview of and controlled by the case of Pace v. Wainwright, 243 Ala. 501, 10 So.2d 755, and, as the complainant comes into equity with "unclean hands", he has closed the doors of equitable relief to himself.

In his decree, the Chancellor found:

"With particular reference to the claim that complainant is barred from maintaining this action because the deed was the consummation of a scheme to defraud his creditors, the evidence is in irreconcilable conflict, and the court is at the conclusion that the court is not authorized by the established facts to nullify the public policy of the State embodied in this enactment. As supporting this conclusion, the following cases are cited: [quoting from Durr Drug Co. v. Acree,

239 Ala. 194, 194 So. 544; Pace v. Wainwright, supra; Mitchell v. City of Dothan, 249 Ala. 253, 30 So.2d 737] * * *".

The following facts were without serious dispute. The complainant-father became involved in considerable domestic difficulties with his wife and children. As a result of these difficulties, complainant and his wife were divorced and he ultimately moved into the home of the respondents, his daughter and son-in-law. At this time he had their assurance he could remain with them permanently. Shortly thereafter, he executed a will by which he bequeathed the land in question to the respondents. The deed, which is the subject of this suit, was executed over a year later, in 1950.

The appellants' assignment of error asserts that the trial court erred:

"By decreeing that the deed given by Complainant to Respondents made in part consideration for the support and maintenance of the Complainant, and made Exhibit 'A' to the bill of complaint, is to be void and of no legal force or effect."

The constitutionality of Section 15, Title 20, Code of Alabama 1940, quoted above, was upheld in Bush v. Greer, 235 Ala. 56, 177 So. 341. In this case, the court commented on the factors which occasioned the legislature to enact the statute. In Heartsill v. Thompson, 245 Ala. 215, 16 So.2d 507, 510, it was said:

"The statute is sui generis. Given a deed upon the consideration stated, the option to avoid the deed becomes a matter of right, if exercised in the statutory manner. * * * There are no strings to the option, no conditions precedent to relief. The courts are not authorized to incorporate any. A deed within the statute, an election to exercise the option to annul or rescind, shown by a proceeding in equity filed by the grantor while in life, are the sole matters entitling the grantor to a decree setting aside and annulling the deed, revesting the title in the grantor."

The Chancellor, with Pace v. Wainwright, supra before him, distinguished that case from the present action. We cannot say that he palpably erred in so doing. In Pace v. Wainwright, supra, the intention to defraud was clear and apparent. The grantor's own testimony revealed that there was an agreement for a secret trust in two respects. First, that the property should revert to the grantor on demand, and second, that the grantor should move onto the property and make his home there.

We are clear to the conclusion that both the statute and the decisional law enunciated in Pace v. Wainwright are the governing law of this state. Therefore, the pertinent inquiry before the Chancellor was one of fact. The Chancellor found that "the evidence is in irreconcilable conflict." With this observation we must agree. The appellants, their son, and an employee, testified to the effect that the will was executed in consideration of the support and maintenance of the complainant during his life; but that the deed was executed because of pressure from creditors and a fear that these creditors would file suit against the complainant and levy on his land. According to complainant's witnesses, the father stated in their presence that he was transferring the property to the respondents to keep it out of the hands of his creditors. This the grantor denies and testified that the deed was given at the insistence of respondents for the consideration recited in the deed: Support and maintenance during his lifetime, and not for the purpose of defrauding his creditors. There was other evidence in the cause which tended to bear upon and support the contentions of the conflicting parties. This evidence was heard in extenso by the Chancellor and his findings come to us with the force and effect of a jury's verdict.

The appellants' challenge the Chancellor's decree with this insistence:

"We are left to assume that the lower court found that there was fraud,

652

on the part of complainant, but that the 'public policy of the State' should be allowed to prevail over the fraudulent transfer of the property in question by the complainant."

We cannot agree with this interpretation of the trial judge's decree. Nor does it appear from the record that it is "an inescapable conclusion" that defrauding his creditors was the driving and motivating force behind the execution of the deed, as asserted by the appellant. The fact that the father had drawn his will in favor of the respondents over a year prior to the execution of the deed, which is the subject of this controversy, is a circumstance which has some probative force.

█ █ It is the duty of this court to indulge all reasonable presumptions in favor of the trial court's conclusions when the evidence is heard ore tenus. We cannot substitute our judgment on the effect of the evidence, dealing with the pivotal issue of fact in this cause, for that of the Chancellor. Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621; Forest Hill Corp. v. Latter & Blum, 249 Ala. 23, 29 So.2d 298. Appellants' solicitors, in their able and meticulous brief, presuppose that fraud was conclusively established, and as their propositions of law rest themselves on this foundation, the application of these principles must depend on a clear finding of fraud from the evidence. It was incumbent on the appellants to carry the burden of proof and affirmatively establish the fraud which is essential to their defense.

█ Indulging all reasonable presumption in favor of the Chancellor's decree, we find that he concluded the appellants had failed to carry the burden of proof which would have brought their case within the orbit of influence of Pace v. Wainwright, supra. We do not find that the decree of the nisi prius court was palpably erroneous or manifestly unjust in this respect. Marks v. Marks, 254 Ala. 612, 49 So.2d 166, and Sieben v. Torrey, supra.

We therefore conclude that the decree of the Circuit Court of Cullman County,

in Equity, is due to be, and is hereby, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.