92 So.2d 889

### W. K. COMPTON

v.

### Virgle E. COMPTON et al.

### 6 Div. 78.

Supreme Court of Alabama.

Feb. 21, 1957.

St. John & St. John, Cullman, for appellant.

Robt. A. Sapp, Cullman, for appellees.

PER CURIAM.

This is an appeal from a final decree in equity rendered for the respondents in a suit wherein complainant sought to have a deed which he executed to them declared a mortgage and to enforce his equity of redemption. The deed was dated and executed May 21, 1953, and placed in escrow.

Complainant is the father of respondents. The respondents are eight of his nine children. The land described in the above mentioned instrument consisted of fifty acres on the east side of Highway 31 in Cullman County, adjacent to Hanceville. Complainant had owned fifty acres on the west side of the highway, on which the home was situated, until the wife acquired it on the rendition of a divorce decree.

Complainant had previously, on January 6, 1950, conveyed the tract here involved

on the east side of the highway to a daughter and her husband, R. B. Hyatt, who lived nearby, and he went to live with them. There was no residence on this tract. After living with the Hyatts several years, complainant filed a bill in equity to have the deed to the Hyatts set aside under section 15, Title 20, Code. The Hyatts filed an answer and cross bill, denying that there was an agreement to support and maintain complainant as a material part of the consideration, but that the deed was made to defraud his creditors. The cross bill sought, in the alternative, a personal decree for the amount of the value of improvements which they had put upon the land and for moneys expended for complainant's support and maintenance. The trial court in that cause rendered a decree setting aside the deed, holding it was not made with fraudulent intent, and ascertained and decreed that complainant was indebted to the Hyatts for such improvements, maintenance and support in the sum of $3,848.50, and decreed a lien on said fifty acres to secure the payment of same to the Hyatts. The Hyatts indicated a purpose to appeal to this Court. Before that was done the transaction here involved occurred. Complainant needed that amount of money ($3,848.-50) to take care of the decree if it should be affirmed. Therefore, he arranged with his eight children (all except Mrs. Hyatt) to get the necessary money. As a result of that negotiation they were each to deliver to complainant $481. However, one unmarried daughter who lived with his divorced wife, could not raise her share. So it was agreed with the others that they each would pay over $500, and complainant agreed to pay the balance for his single daughter who paid nothing. The other children paid $500 each, and complainant added the difference. The money was paid to the complainant and he paid it into the registry of the court, and at the same time he executed a deed (here in question) to the eight children, including the single daughter who had advanced nothing. The deed was left in escrow with the attorney who drew it.

The evidence is in direct conflict as to the terms of the escrow which was not reduced to writing. Complainant claims that the attorney was to hold the deed until complainant told him what to do with it. Respondents claim, in substance, that he was to hold the deed until the Hyatt suit was disposed of and the deed delivered to them if the decree was affirmed. That decree was affirmed on appeal. Hyatt v. Compton, 262 Ala. 649, 80 So.2d 650. Thereupon these respondents sued the attorney holding the deed for its recovery. Complainant intervened and had the cause moved to equity for the purpose above indicated. Those are the issues made in the suit after it was transferred to equity.

The parties all testified in open court. The trial judge made a finding of facts and stated principles of law to the effect that the deed in form was such in fact and denied relief to complainant.

The applicable principles of law have been stated and repeated many times by this Court, some of whose opinions are cited by the trial judge. See, Cousins v. Crawford, 258 Ala. 590, 63 So.2d 670.

There are circumstances which support each contestant. The value of the land was in much dispute, ranging from $4,000 to $12,000. The use of the land for life was reserved to the grantor as recited in the deed. We are not concerned with an interpretation of the deed, as no such question is raised. The delivery of the deed was at first dependent upon a contingency. There was no oral or written evidence of an indebtedness by complainant to respondents, nor was one implied. One of the grantees advanced no money, so there could be no debt to her for which the deed is security. It looks like a fight by the Hyatts on one hand and the other children on the other to get the land after the old man dies: he is now seventy-six years of age. The respective contenders seem to have alternately succeeded for a time, then lost again.

We fail to see where the opinion and decree of the trial court do not conform to

a material aspect of the evidence and supported by some of the circumstances. The decree should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.