MONROE, Judge.
This is an appeal from a judgment setting aside a deed and ordering an accounting regarding certificates of deposits and certain other moneys and property.
On June 13, 1989, Irma Flynn executed a deed conveying a 114-acre farm to her daughter, Leila Flynn McMichael. The consideration for the conveyance recited in the deed was $10 “and other valuable consideration.” At around the same time, Flynn also transferred two certificates of deposit worth a total of $22,000 to McMichael. At the time of the conveyances, Flynn was 75 years old and in ill health. In January 1994, Flynn filed an action seeking to set aside the deed, pursuant to § 8-9-12, Ala.Code 1975, which allows a grantor to void any conveyance of realty where a material part of the consideration was an agreement by the grantee to support the grantor during the grantor’s life.
The case was tried ore tenus in January 1995. The trial court entered a judgment in favor of Flynn, setting aside the conveyance and ordering McMichael to provide an accounting for the moneys that had been transferred to her. McMichael appealed to the Supreme Court, which transferred her appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
*256 We note that this case was a nonjury case. It is well established that, where evidence is presented ore tenus, the trial court’s findings on issues of fact are presumed correct and will not be disturbed unless they are clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Herston v. Austin, 603 So.2d 976 (Ala.1992).
McMichael raises a number of issues on appeal. She first contends that the trial court erred in finding that a material part of the consideration for the conveyance was a promise to support Flynn during her life. McMichael contends that she did not promise to support Flynn and that, instead, Flynn wanted to convey the property to McMichael so that Flynn would be eligible for Medicaid.
The promise to support the grantor does not have to be in writing in order for the grantor to be able to void the conveyance under § 8-9-12. Parol evidence is admissible to show that a material consideration for the conveyance was a promise to support the grantor during his or her life. Herston, supra, at 978. “However, the grantor must prove by clear, satisfactory, and convincing evidence that the grantee promised to support her.” Id.
Flynn testified that McMichael had promised to support Flynn during her life, to allow Flynn to continue to live in the house, and to assist her around the house and take her on errands. She testified that McMieha-el had done these things before the conveyance and had agreed to continue to do them. She also testified that McMichael had been handling many of her business and financial affairs for a number of years, including writing cheeks out of Flynn’s accounts for her and handling other banking matters, and filing Flynn’s application for Medicaid. Flynn testified that, several years after the conveyance, she and McMichael had a dispute and that Flynn no longer lived on the farm and had little income and had to find an apartment for herself.
Melvin McMichael, who was McMichael’s husband at the time of the conveyance, testified that McMichael and Flynn had an understanding that McMichael was to support Flynn in exchange for the conveyance of the property. Additionally, he testified that he was a party to a conversation shortly after the deed was executed in which Flynn reiterated that McMichael was to support her and that McMichael acknowledged this obligation.
We find that there is sufficient evidence in the record to support the trial court’s determination that a promise to support was a material consideration for the conveyance.
Next, McMichael contends that the trial court erred in setting aside the deed because, she says, Flynn acted with unclean hands in conveying the property to McMichael. McMichael alleges that Flynn conveyed the property to her in order to defraud a governmental entity into considering her to be eligible for Medicaid and other government benefits.
It is true that a party seeking to set aside a deed under § 8-9-12 is not entitled to have that deed set aside if the reason behind the transfer was to defraud a third party, such as a creditor or a governmental entity. See Hyatt v. Compton, 262 Ala. 649, 80 So.2d 650 (1955); and Pace v. Wainwright, 243 Ala. 501, 10 So.2d 755 (1942). The burden of proof is on McMichael to establish the fraud that she alleged as part of her defense of unclean hands. Hyatt, supra. McMichael testified that Flynn conveyed the property to her in order to qualify for government benefits, and other witnesses testified that they knew that Flynn was contemplating filing for those benefits. However, Flynn testified that she did not convey the property in order to qualify for government benefits and that, in fact, McMichael was the one who got all the information and filled out all the application paperwork to qualify Flynn for those benefits. Other witnesses testified that they knew nothing about Flynn’s application for the benefits.
Given the conflicting testimony, we cannot say that the trial court, which heard ore tenus evidence, erred in not finding that Flynn had unclean hands. In reviewing the evidence, we cannot say that McMichael affirmatively established fraud by Flynn.
Next, McMichael contends that the trial court erred in setting aside the deed pursu *257 ant to § 8-9-12 because the land had subsequently been conveyed to a third party and then back to . McMiehael. McMiehael alleges that, after she received the deed from Flynn, she conveyed the property to herself and her daughter, Elizabeth McMiehael. Later, the land was transferred back into only MeMi-ehael’s name. She contends that Flynn knew of these subsequent conveyances and did not object to them.
If property conveyed by a deed that is subject to being voided under § 8-9-12, as having been conveyed in exchange for a promise of support, is subsequently conveyed to a third party who is without notice of the agreement to support, then that third party has an interest in the property that the original grantor cannot defeat by attempting to set aside the deed under § 8-9-12. See Posey v. Posey, 545 So.2d 1329, 1333 (Ala. 1989). However, there is no evidence in the record to indicate whether Elizabeth had notice of the agreement. Additionally, Elizabeth, who subsequently transferred her interest in the property back to her mother, McMiehael, claims no interest in the property. We fail to see how a brief transfer of the property by McMiehael to herself and her daughter, executed during divorce proceedings between McMiehael and her husband, Melvin McMiehael, would defeat Flynn’s action to set aside the original conveyance.
Finally, McMiehael contends that the trial court erred in ordering her to make an accounting regarding the two certificates of deposit totalling $22,000 that were transferred to her by Flynn, certain items of personal property, and any proceeds she had received from the ownership of the farm. She contends that the trial court had no authority to order such an accounting. However, she does not support this argument with citations to authority, as required by Rule 28(a)(5), Ala.R.App.P. Therefore, her argument on this issue provides no basis for reversal. Harris v. Harris, 528 So.2d 866 (Ala.CivApp.1988).
We find no error in the trial court’s judgment setting aside Flynn’s conveyance of the property to McMiehael and ordering an accounting regarding the moneys and other property. The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.